McCORD, Chief Judge.
Appellant, having pled not guilty to a charge of sale of marijuana, subsequently appeared before the trial court pursuant to plea bargaining and changed his plea to nolo contendere in return for a state recommendation that he be placed on probation for a period of five years. The trial judge stated that although he gave great consideration to the state’s recommendation, he did not consider it binding and indicated that he might give appellant a jail sentence and would consider the presentence investigation report. Neither appellant nor his attorney responded to the judge’s statement. The assistant state attorney presented a factual basis for the plea and determined that appellant understood, among other things, that the court could sentence him to a maximum of five years in the state penitentiary, impose a lesser sentence of imprisonment or place appellant on probation. The trial judge then accepted the plea and withheld adjudication pending a presentence investigation. Subsequently, when appellant appeared before the court for sentencing and the court indicated that he could not place him on probation, his attorney moved to withdraw the plea of nolo contendere. The trial court denied the motion, adjudicated appellant guilty and sentenced him to three years in the state prison. Appellant contends that the court erred in not allowing him to withdraw his plea of nolo contendere.
In Adams v. State, 328 So.2d 48 (Fla. 1st DCA 1976), this Court relying upon Fla.R. Crim.P. 3.171(c), reversed and remanded with directions that the trial court either impose sentence in accordance with the plea bargain or vacate the judgment and offer appellant an opportunity to withdraw his plea. The aforesaid rule relied upon by this Court states as follows:
“After an agreement on a plea has been reached, the trial judge may, with the consent of the parties, have made known to him the agreement and reasons therefor prior to the acceptance of the plea. The terms of the agreement shall be placed in the record. He shall thereafter advise the parties of whether other fac *567 tors (unknown at the time) may make his concurrence impossible. Should such other factors make ultimate judicial concurrence impossible, any plea of guilty or nolo contendere entered based upon such agreement may thereafter be withdrawn.”
On certiorari, the Supreme Court reversed this Court and remanded for further remand to the trial court with instructions to reinstate the sentence. State v. Adams, 342 So.2d 818 (Fla.1977). In its opinion, the Supreme Court made no reference to the above-quoted rule but grounded the opinion upon its previous opinion in Brown v. State, 245 So.2d 41 (Fla.1971), decided prior to the adoption of the aforesaid rule, and Davis v. State, 308 So.2d 27 (Fla.1975).
The case sub judice is governed, of course, by the Supreme Court’s opinion in Adams. We have recited the foregoing because we feel that a caveat is advisable to defendants and their attorneys who might rely upon the aforesaid rule of criminal procedure. Unless a defendant is willing to enter a plea of guilty or nolo contendere to a charge based only upon the state’s recommendation as to disposition of the case, the entry of such a plea should be conditioned upon agreement by the trial court that if it determines that it will not make the recommended disposition, it will then allow the defendant to withdraw his plea. Such procedure would, we believe, carry out the intent of the aforesaid rule and would eliminate the possibility that a defendant may be misled by too great a reliance upon the prosecutor’s recommendation. The court, of course, can decline to accept such a condition, and if it does, the defendant must then determine whether or not he wishes to enter the plea without a commitment by the court that it will either accept the state’s recommendation or allow the defendant to withdraw his plea if it is not accepted.
AFFIRMED.
MELVIN and SMITH, JJ., concur.