FARMER, J.
At defendant’s plea hearing, the trial judge failed to state the specific charge to which defendant was entering a negotiated plea of no contest. He had been charged *1263 with committing lewd and lascivious conduct (LLC) and with possession of cocaine. The written plea agreement stated that defendant would plead guilty to one count of lewd, lascivious or indecent assault and that the state would dismiss all other pending charges against him in Indian River County. The agreement also provided that his maximum sentence would be 68 months, followed by sex offender probation.
Before being sentenced, defendant moved to withdraw his plea. He claimed that he did not know he was entering a plea to the lewd and lascivious conduct charge. Instead he claimed that he thought he was entering a plea to the cocaine possession charge and another charge of driving while license suspended but that he would face trial on the LLC charge. He asserted that he did not commit that offense and had repeatedly told his previous attorney that he wanted a trial on this charge. He said that his attorney at the plea was angry with him because he owed him money. He related that his attorney had spoken very negatively to him, had rushed him, and “talked over [his] head.” He admitted that he signed the plea agreement, but that he did not read the written plea agreement himself, but that his attorney had read it to him. Defendant later fired his attorney and obtained new counsel.
At a hearing on the motion, defendant testified in substance as set forth in the preceding paragraph. The trial judge stated that he remembered the plea colloquy “very well,” and that he had gone over the plea agreement in “great detail” with defendant. The court denied the motion to withdraw the plea and later adjudicated defendant guilty. At a later sentencing hearing, represented by a new attorney, defendant renewed the motion to withdraw his plea, and the trial court again denied it. The trial court then sentenced him to 68 months in prison, followed by 5 years sex offender probation. We reverse.
On appeal, defendant argues that under the rules he should have been allowed to withdraw his plea. Rule 3.170(f) provides:
“Withdrawal of Plea of Guilty. The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside the judgment and allow a plea of not guilty....”
In Robinson v. State, 761 So.2d 269 (Fla.1999), the court approved the following explanation of this provision:
“The burden is upon a defendant to establish good cause under the rule, and use of the word ‘shall’ indicates that such a showing entitles the defendant to withdraw a plea as a matter of right. Use of the word ‘may,’ however, suggests that the rule also allows, in the discretion of the court, withdrawal of the plea in the interest of justice, upon a lesser showing than good cause. In any event, this rule should be liberally construed in favor of the defendant. The law inclines toward a trial on the merits; and where it appears that the interests of justice would be served, the defendant should be permitted to withdraw his plea. A defendant should be permitted to withdraw a plea ‘if he files a proper motion and proves that the plea was entered under mental weakness, mistake, surprise, misapprehension, fear, promise, or other circumstances affecting his rights’ ” [c.o., e.o.]
761 So.2d at 274. Although in Robinson the court emphasized “mental weakness” and “other circumstances affecting his rights,” it could just as easily have highlighted the alternative ground of “mistake.” In other words where a defendant similarly situated shows that his plea was entered as a result of mistake, he should *1264 be allowed to withdraw the plea and go to trial. See also Smith v. State, 840 So.2d 404, 406 (Fla. 4th DCA 2003) (trial court is obligated to allow defendant to withdraw a plea as a matter of right if good cause is shown; defendant should have been allowed to withdraw plea where no evidence contradicted defendant’s testimony as to misunderstanding as to sentence).
In this case there is no evidence contradicting defendant’s testimony as to the circumstances surrounding his plea. The transcript supports his contention that during the plea hearing the trial judge never specifically stated the precise charge to which defendant was formally pleading no contest. Had he done so, a misunderstanding might have been avoided.
Accordingly, defendant has carried his burden of showing good cause to withdraw his plea. Applying the reasoning of the foregoing cases, we therefore reverse the trial court’s denial and remand with instructions to permit the withdrawal of the plea and allow defendant to stand trial.
REVERSED.
STONE and WARNER, JJ., concur.