ALTENBERND, Chief Judge.
Dedrick Pope appeals his judgments and sentences for armed robbery, resisting arrest without violence, and felon in possession of a firearm. He argues that the trial court erred when it denied his motion to withdraw his plea. We affirm. We write only to explain that a defendant is authorized to file a motion to withdraw a plea prior to sentencing even if the defendant pleaded nolo contendere.
Mr. Pope was charged with these three offenses in April 2001. Because he had four prior robbery convictions and an ag *272 gravated battery conviction, he qualified for treatment as a habitual violent felony offender. Under the guidelines, the shortest sentence he could receive if convicted was approximately eleven years’ incarceration. The armed robbery could have resulted in a life sentence.
On August 24, 2001, Mr. Pope signed a written plea agreement. He agreed to plead nolo contendere in exchange for a fifteen-year term of incarceration as a habitual violent felony offender. The trial court conducted a thorough plea hearing, explaining that the fifteen-year term was the minimum mandatory term for the armed robbery. The trial court accepted the plea and adjudicated Mr. Pope guilty of the offenses. Sentencing was scheduled for a later date.
Prior to sentencing, Mr. Pope filed a pro se motion to withdraw his plea. The trial court held a hearing on the motion. At the hearing on the motion to withdraw plea, the State argued that Mr. Pope had no right to file a motion to withdraw his plea prior to sentencing because Florida Rule of Criminal Procedure 3.170(f) does not provide for a withdrawal of a nolo contendere plea prior to sentencing. The trial court rejected the State’s argument but denied the motion as legally insufficient. We affirm both aspects of the trial court’s ruling.
Admittedly, rule 8.170(f) is entitled “Withdrawal of Guilty Plea.” This rule was first adopted as a statute in 1939 and has remained substantially unchanged since that time. See ch. 19554, § 149, Laws of Fla. (1939); see also § 909.13, Fla. Stat. (1941); In re Florida Rules of Criminal Procedure, 272 So.2d 65, 93 (Fla.1972). The language of the rule only discusses the possibility of withdrawing a guilty plea. Pleas of nolo contendere simply are not mentioned in the rule.
Despite the language in rule 3.170(f), we conclude that Mr. Pope was authorized to file this motion. Appellate courts have often reviewed cases in which defendants have filed motions to withdraw nolo pleas without any serious discussion of the matter. See, e.g., Peterson v. State, 350 So.2d 565 (Fla. 1st DCA 1977). While dissenting in a case in which the Third District reversed an order granting a motion to withdraw a nolo contendere plea, Judge Barkdull parenthetically noted that a nolo contendere plea was the same as a guilty plea. See State v. Braverman, 348 So.2d 1183, 1188 (Fla. 3d DCA 1977) (Barkdull, J., dissenting). In other contexts, the courts have often equated a plea of nolo contendere to a guilty plea. Smith v. State, 184 So.2d 458 (Fla. 2d DCA 1966); Peel v. State, 150 So.2d 281 (Fla. 2d DCA 1963); Russell v. State, 233 So.2d 148, 149 (Fla. 4th DCA 1970). Appellate courts have continued to review such motions in recent years. See Ayers v. State, 831 So.2d 1260 (Fla. 2d DCA 2002); Glispy v. State, 846 So.2d 1262 (Fla. 4th DCA 2003); Smith v. State, 840 So.2d 404 (Fla. 4th DCA 2003); Moore v. State, 831 So.2d 1237 (Fla. 1st DCA 2002).
Additionally, Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(b), (c) permits an appeal by a defendant who pleads guilty or nolo contendere only when the defendant has properly preserved certain issues by filing a motion to withdraw a plea. It would be inconsistent to interpret the Florida Rules of Criminal Procedure as not permitting a motion to withdraw a nolo contendere plea when the Florida Rules of Appellate Procedure require such a motion to preserve an issue for appeal.
Finally, Florida Rule of Criminal Procedure 3.170(Z), which became effective on January 1, 1997, permits a defendant to file a motion to withdraw a plea after sentencing without regard to whether the *273 plea is one of guilty or nolo contendere. See Amendments to the Florida Rules of Criminal Procedure, 685 So.2d 1253, 1255 (Fla.1996). Thus, if we were to literally construe rule 3.170(f), a defendant who wished to withdraw a plea of nolo conten-dere could do so only after sentencing, while pleas of guilty could be withdrawn both before and after sentencing. There seems to be no rational basis to create such a distinction.
Accordingly, we will continue to treat nolo contendere pleas and guilty pleas the same for purposes of rule 3.170(f).
Affirmed.
SALCINES, J., and GREEN, OLIVER L., Senior Judge, concur.