SHEVIN, Judge.
We reverse the order summarily denying defendant’s motion for post-conviction relief based on ineffective assistance of trial counsel. The court erred in concluding that the motion was untimely, as it was filed within two years of the conviction becoming final. Fla. R.Crim. P. 3.850. Additionally, the motion was improperly denied on grounds that the claims asserted by defendant were or could have been raised on direct appeal. Ineffective assistance of trial counsel claims are properly raised in post-conviction relief motions, not direct appeals. Fla. R.Crim. P. 3.850; Robinson v. State, 637 So.2d 998 (Fla. 1st DCA 1994). Moreover, although the state, on appeal, addresses the merits of the defendant’s claims, those claims appear facially sufficient and must be considered by the trial court on remand. On remand, the court may attach to its order those portions of the record which conclusively show that the movant is not entitled to relief, see Fla. R.Crim. P. 3.850(d), or, alternatively, must conduct an evidentiary hearing.
Reversed and remanded.