881 So.2d 637 (2004)
The STATE of Florida, Appellant,
v.
Kirk Douglas BILLIE, Appellee.
No. 3D04-1213.
District Court of Appeal of Florida, Third District.
August 11, 2004.
Rehearing Denied September 15, 2004.
*638 Charles J. Crist, Jr., Attorney General, and Meredith L. Balo, Assistant Attorney General, for appellant.
Scott A. Srebnick, Miami, and Gary Rosenberg, for appellee.
Before SCHWARTZ, C.J., and COPE and FLETCHER, JJ.
PER CURIAM.
The State has appealed two pretrial orders in a pending homicide case. We treat the appeal as a petition for writ of certiorari. We conclude that the state's position is well taken.

I.
In a previous appeal, this court reversed the second degree murder conviction of defendant-respondent Kirk Douglas Billie and remanded for a new trial. See Billie v. State, 863 So.2d 323 (Fla. 3d DCA 2003). The retrial is scheduled to commence in the near future.
At the original trial, the defendant testified in his own defense. The State moved for a pretrial ruling that the State be allowed to introduce at the retrial the defendant's testimony from the first trial. This was with the proviso that State would redact the defendant's testimony relating to Williams Rule evidence[1] which was introduced at the original trial but which, on appeal, this court held inadmissible. See Billie, 863 So.2d at 325-32.
The trial court ruled that the defendant's prior testimony could not be introduced *639 as part of the State's case-in-chief. However, the court ordered that if the defendant takes the stand and testifies on his own behalf, the State can use the redacted version of his previous trial testimony for impeachment and rebuttal purposes. The State has appealed.
From the standpoint of the Evidence Code, the defendant's prior testimony is admissible against the defendant at the retrial, as an admission. See § 90.803(18), Fla. Stat., (2003). The parties are in agreement on this point.
The trial court excluded such testimony from the State's case in chief, however, on the theory that the defendant's privilege against self incrimination precluded it. For this proposition the trial court relied on Harrison v. United States, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968). Respectfully, the court misinterpreted that case.
As a general rule, "a defendant's testimony at a former trial is admissible in evidence against him in later proceedings." 392 U.S. at 222, 88 S.Ct. 2008 (footnote omitted); Pendleton v. State, 348 So.2d 1206, 1208 (Fla. 4th DCA 1977).
The Harrison case created an exception to the general rule. In Harrison, the government introduced illegally obtained confessions of the defendant. Because of this, the defendant took the stand (when he otherwise would not have testified) to rebut the confessions. 392 U.S. at 222-26, 88 S.Ct. 2008. Because the court was satisfied that the defendant took the stand for that reason and no other, the court ruled that the defendant's trial testimony could not be used in his retrial. "[T]he same principle that prohibits the use of confessions so [illegally] procured also prohibits the use of any testimony impelled thereby  the fruit of the poisonous tree, to invoke a time-worn metaphor." Id. at 222, 88 S.Ct. 2008. The Harrison decision thus creates a special rule applicable solely to the circumstance in which an illegally obtained confession has been introduced, the defendant takes the stand to reply to the illegally obtained confession, and the court is satisfied that the defendant took the stand for that reason and no other. See id. at 222-26, 88 S.Ct. 2008; Rogers v. State, 844 So.2d 728, 733-34 (Fla. 5th DCA 2003).
In the present case there was no confession, much less any illegally obtained confession. Thus the rule in Harrison does not apply.
The defense suggests that in the first trial the defendant took the stand to reply to the Williams Rule evidence which had been introduced against him. On the first appeal, this court held that much of that evidence should have been excluded, and ordered a new trial. 863 So.2d at 332. The defendant argues that the Harrison should be extended to apply to his situation. That argument is without merit. The Harrison Rule is inapplicable outside the context of an illegally obtained confession. See Rogers, 844 So.2d at 734.

II.
The defense argues alternatively that the testimony is inadmissible at the new trial under Florida Rule of Criminal Procedure 3.640, entitled "Effect of Granting New Trial." Rule 3.640(b) provides:
(b) Witnesses and Former Testimony at New Trial. The testimony given during the former trial may not be read in evidence at the new trial unless it is that of a witness who at the time of the new trial is absent from the state, mentally incompetent to be a witness, physically unable to appear and testify, or dead, in which event the evidence of such witness on the former trial may be read in evidence at the new trial as the *640 same was taken and transcribed by the court reporter. Before the introduction of the evidence of an absent witness, the party introducing the evidence must show due diligence in attempting to procure the attendance of witnesses at the trial and must show that the witness is not absent by consent or connivance of that party.
The defendant contends that the Rule applies to him and precludes the State from introducing his prior testimony. We disagree.
By both its terms and its logic, Rule 3.640(b) applies to testimony of witnesses, not the testimony of the defendant. The point of the rule is to require live witness testimony where possible, instead of having the new trial consist of a reading of the transcript of the previous trial.
Stated differently, it is illogical to believe that the Florida Supreme Court adopted this rule so as to place a burden on the State to call the defendant to the stand in the event of a criminal retrial, when in reality, the State has no ability to place the defendant on the stand. It would likewise be illogical to read this rule as erasing the hearsay exceptions contained in section 90.803, Florida Statutes. We conclude that Rule 3.640(b) does not apply to the prior testimony of a criminal defendant, and that the defendant's prior testimony is admissible under subsection 90.803(18), Florida Statutes.[2]

III.
The State also claims error in another pretrial ruling whereby a certain testimony of Rebecca Smith was excluded. At the previous trial, there was testimony by Sheila Tiger, the defendant's ex-girlfriend and the mother of the couple's three children. She "described an incident in November of 1994 where Billie held a hammer over the head of one of the victims, who was sleeping at the time (`hammer incident'). Ms. Tiger admitted that she was scared and that she put herself between the child and the hammer." 863 So.2d at 326. In the prior appeal, this court held that testimony regarding this incident is admissible. Id.
Ms. Tiger told Ms. Smith about the "hammer incident." Ms. Smith asked the defendant about this. At the original trial, Ms. Smith's testimony was:
Q: And what did he do or say?
A: Well, I asked him if what Sheila told me was true, and he nodded his head.
Q: You are nodding your head up and down, affirming?
A: Yeah. And then he said that he was going to have to take care of Sheila, because Sheila talked about things that she shouldn't have talked about?
On the defendant's motion, the trial court ruled that the testimony regarding the nod was admissible, while the verbal comments are not admissible. The State concedes that the defendant's statement "that he was going to have to take care of Sheila" was properly excluded as unfairly prejudicial.
The State argues, however, that the remainder of the statement, "Sheila talked about things that she shouldn't have talked about," is admissible and not unfairly prejudicial. *641 The State argues that standing alone, the nod might be construed as being ambiguous, while the defendant's verbal response tends to remove any ambiguity. We concur with the State and quash this part of the pretrial order as well.
For the stated reasons, we grant certiorari and quash the indicated portions of the two pretrial orders.
Certiorari granted.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959), codified as § 90.404, Fla. Stat. (2003).
[2] The court urges the Florida Supreme Court and the Criminal Procedure Rules Committee to revisit Rule 3.640(b) with a view toward repealing or revising it. It was adopted in 1968 (based on even earlier statutes), and appears to have become largely or totally unnecessary after the more recent adoption of the Florida Evidence Code. The potential for conflict between Rule 3.640(b) and the Evidence Code has been noted. See Happ v. Moore, 784 So.2d 1091, 1102 (Fla.2001).