942 So.2d 407 (2006)
In re AMENDMENTS TO THE FLORIDA RULES OF CRIMINAL PROCEDURE (THREE YEAR CYCLE).
No. SC06-169.
Supreme Court of Florida.
November 9, 2006.
John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, FL, William C. Vose, Chair, Criminal Procedure Rules Committee, Orlando, FL, George E. Tragos, Past Chair, Criminal Procedure Rules Committee, Clearwater, FL, Gerry Rose, Bar Staff Liaison, The Florida Bar, Tallahassee, FL, for Petitioner.
Chris W. Altenbernd, Past Chair, Postconviction Rules Workgroup, Second District Court of Appeal, Tampa, FL; James T. Miller, Jacksonville, FL; Paula S. Saunders, Co-Chair, The Florida Association of Criminal Defense Lawyers (FACDL) Amicus Curiae Committee, Office of the Public Defender, Leon County, and Michael R. Ufferman, Co-Chair, FACDL, Tallahassee, FL; and David A. Demers, Chief Judge, B. Elaine New, Court Counsel, and Alexis M. Walker, Senior Staff Attorney, Sixth Judicial Circuit, St. Petersburg, FL, Responding with comments.
PER CURIAM.
The Florida Bar's Criminal Procedure Rules Committee (Rules Committee) has filed its regular-cycle report of proposed rules changes in accordance with Florida Rule of Judicial Administration 2.140(b)(4). We have jurisdiction. See art. V, § 2(a), Fla. Const.

BACKGROUND
The Rules Committee proposes amendments to Florida Rules of Criminal Procedure 3.170 (Pleas); 3.180 (Presence of Defendant); 3.213 (Continuing Incompetency to Proceed, Except Incompetency to Proceed with Sentencing: Disposition); and 3.640 (Effect of Granting New Trial). Prior to filing its proposed rule changes with the Court, the Rules Committee published a summary of the proposals for comment in the November 1, 2005, issue of The Florida Bar News. See Fla. R. Jud. Admin. 2.140(b)(2). No comments were received. The Board of Governors of The Florida Bar voted unanimously to approve the proposed amendments. See Fla. R. Jud. Admin. 2.140(b)(3). The Court republished a summary of the proposals for comment in the March 1, 2006, issue of The Florida Bar News, and no comments were filed. After reviewing the Rules Committee's proposals, we adopt the proposed amendments as reflected in the appendix to this opinion.[1]

*408 AMENDMENTS
Rule 3.170(f), Withdrawal of Plea of Guilty, which currently allows a defendant to withdraw a guilty plea before sentencing, is amended to allow a defendant to also withdraw a no contest plea before sentencing. The Rules Committee proposed the amendment in response to Pope v. State, 857 So.2d 271, 272-73 (Fla. 2d DCA 2003) (noting that although rule 3.170(f) provides for the withdrawal of a guilty plea before sentencing, it does not provide for the withdrawal of a no contest plea before sentencing, and noting that "[t]here seems to be no rational basis to create such a distinction"). The present amendment addresses the issue presented by Pope.
Rule 3.180(c), Defendant Absenting Self, is amended by adding new subdivision (2), Sentencing, which allows a court under certain circumstances to proceed with sentencing when a defendant absents himself or herself from the courtroom. The Committee proposed the amendment in response to Capuzzo v. State, 596 So.2d 438, 439-40 (Fla.1992) (explaining that whereas "[r]ule 3.180 codifies the well-established principle that defendants may voluntarily waive their right to be present during crucial stages of the trial that occur prior to verdict," the rule "stops short of guidance regarding waiver by absence after the return of the verdict"). The present amendment addresses the issue presented by Capuzzo.
Rule 3.213, Continuing Incompetency to Proceed, Except Incompetency to Proceed with Sentencing: Disposition, is amended in two respects. First, new subdivision (2) is added to rule 3.213(a), Dismissal without Prejudice during Continuing Incompetency, setting forth a procedure for dismissing charges against persons who are incompetent to stand trial because of retardation or autism. And second, new subdivision (2) is added to rule 3.213(b), Commitment or Treatment during Continuing Incompetency, providing for the involuntary admission of such persons to residential services as provided by law. The Committee proposed these amendments in response to Byrd v. State, 834 So.2d 872, 873 (Fla. 1st DCA 2003) ("[G]iven the Legislature's clear intention to differentiate between defendants who are incompetent to proceed due to mental illness, which is often curable, and those whose incompetence is due to mental retardation or autism, for which there is no `cure,' the Florida Supreme Court may find it appropriate to consider amending Rule 3.213 to reflect such a distinction."). Section 916.303(1), Florida Statutes (2005), provides that "[t]he charges against any defendant found to be incompetent to proceed due to retardation or autism shall be dismissed without prejudice." The present amendment renders the rule consistent with the statute.
Finally, rule 3.640, Effect of Granting New Trial, is amended to delete subdivision (b), Witnesses and Former Testimony at New Trial, which sets forth criteria governing the use of a witness's former trial testimony at a new trial. The Committee proposed the amendment in response to State v. Billie, 881 So.2d 637, 640 n. 2 (Fla. 3d DCA 2004) (noting that rule 3.640(b) has been superseded by the Florida Evidence Code (Code) and urging the Court and the Rules Committee "to revisit [the rule] with a view toward repealing or revising it"). Rule 3.640(b) was adopted before the Code was enacted, and the Code now addresses this area of law. We adopt the proposed amendment to avoid *409 any potential conflict between the rule and the Code in this respect.
Accordingly, we amend the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective January 1, 2007, at 12:01 a.m.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX
RULE 3.170.PLEAS
(a)-(e) [No Change]
(f) Withdrawal of Plea of Guilty or No Contest. The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty or no contest to be withdrawn and, if judgment of conviction has been entered thereon, set aside the judgment and allow a plea of not guilty or, with the consent of the prosecuting attorney, allow a plea of guilty or no contest of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty or no contest. The fact that a defendant may have entered a plea of guilty or no contest and later withdrawn the plea may not be used against the defendant in a trial of that cause.
(g)-(l) [No Change]

COMMITTEE NOTES

[No Change]
RULE 3.180. PRESENCE OF DEFENDANT
(a)-(b) [No Change]
(c) Defendant Absenting Self.
(1) Trial. If the defendant is present at the beginning of the trial and thereafter, during the progress of the trial or before the verdict of the jury has been returned into court, voluntarily absents himself or herself from the presence of the court without leave of court, or is removed from the presence of the court because of his or her disruptive conduct during the trial, the trial of the cause or the return of the verdict of the jury in the case shall not thereby be postponed or delayed, but the trial, the submission of the case to the jury for verdict, and the return of the verdict thereon shall proceed in all respects as though the defendant were present in court at all times.
(2) Sentencing. If the defendant is present at the beginning of the trial and thereafter absents himself or herself as described in subdivision (1), or if the defendant enters a plea of guilty or no contest and thereafter absents himself or herself from sentencing, the sentencing may proceed in all respects as though the defendant were present at all times.
(d)-(e) [No Change]

COMMITTEE NOTES

[No Change]
RULE 3.213. CONTINUING INCOMPETENCY TO PROCEED, EXCEPT INCOMPETENCY TO PROCEED WITH SENTENCING: DISPOSITION
(a) Dismissal without Prejudice during Continuing Incompetency
(1) If at any time after 5 years after following a determining determination that a person is incompetent to stand trial or proceed with a probation or community control violation hearing when charged with a felony, or 1 year when charged with a misdemeanor, the court, after hearing, determines that the defendant remains incompetent *410 to stand trial or proceed with a probation or community control violation hearing, that there is no substantial probability that the defendant will become mentally competent to stand trial or proceed with a probation or community control violation hearing in the foreseeable future, and that the defendant does not meet the criteria for commitment, it shall dismiss the charges against the defendant without prejudice to the state to refile the charges should the defendant be declared competent to proceed in the future.
(2) If the incompetency to stand trial or to proceed is due to retardation or autism, the court shall dismiss the charges within a reasonable time after such determination, not to exceed 2 years for felony charges and 1 year for misdemeanor charges, unless the court specifies in its order the reasons for believing that the defendant will become competent within the foreseeable future and specifies the time within which the defendant is expected to become competent. The dismissal shall be without prejudice to the state to refile should the defendant be declared competent to proceed in the future.
(b) Commitment or Treatment during Continuing Incompetency.
(1) If at any time after 5 years after following a determining determination that a person is incompetent to stand trial or proceed with a probation or community control violation hearing when charged with a felony, or 1 year when charged with a misdemeanor, the court, after hearing, determines that the defendant remains incompetent to stand trial or proceed with a probation or community control violation hearing, that there is no substantial probability that the defendant will become mentally competent to stand trial or proceed with a probation or community control violation hearing in the foreseeable future, and that the defendant does meet the criteria for commitment, the court shall dismiss the charges against the defendant and commit the defendant to the Department of Children and Family Services for involuntary hospitalization or residential services solely under the provisions of law or may order that the defendant receive outpatient treatment at any other facility or service on an outpatient basis subject to the provisions of those statutes. In the order of commitment, the judge shall order that the administrator of the facility notify the state attorney of the committing circuit no less than 30 days prior to the anticipated date of release of the defendant. If charges are dismissed pursuant to this subdivision, the dismissal shall be without prejudice to the state to refile the charges should the defendant be declared competent to proceed in the future.
(2) If the continuing incompetency is due to retardation or autism, and the defendant either lacks the ability to provide for his or her well-being or is likely to physically injure himself or herself, or others, the defendant may be involuntarily admitted to residential services as provided by law.
(c) Applicability. This rule shall not apply to defendants determined to be incompetent to proceed with sentencing, which is addressed provided in rule 3.214.

COMMITTEE NOTES

[No Change]
RULE 3.640. EFFECT OF GRANTING NEW TRIAL
(a) New Trial for Greater Offense Prohibited. When a new trial is granted, the new trial shall proceed in all respects as if no former trial had occurred except that when an offense is divided into degrees or the charge includes a lesser offense, and the defendant has been found *411 guilty of a lesser degree or lesser included offense, the defendant cannot thereafter be prosecuted for a higher degree of the same offense or for a higher offense than that of which the defendant was convicted.
(b) Witnesses and Former Testimony at New Trial. The testimony given during the former trial may not be read in evidence at the new trial unless it is that of a witness who at the time of the new trial is absent from the state, mentally incompetent to be a witness, physically unable to appear and testify, or dead, in which event the evidence of such witness on the former trial may be read in evidence at the new trial as the same was taken and transcribed by the court reporter. Before the introduction of the evidence of an absent witness, the party introducing the evidence must show due diligence in attempting to procure the attendance of witnesses at the trial and must show that the witness is not absent by consent or connivance of that party.

COMMITTEE NOTES

[No Change]
NOTES
[1] The Court severs from this case and defers consideration of the proposed amendments to rules 3.850 and 3.851 that were offered in response to the Court's opinion in Nelson v. State, 875 So.2d 579 (Fla.2004).