982 So.2d 756 (2008)
STATE of Florida, Appellant,
v.
Devon SMITH, Appellee.
No. 4D07-1811.
District Court of Appeal of Florida, Fourth District.
June 4, 2008.
Bill McCollum, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellee.
WARNER, J.
The State of Florida appeals the dismissal, without prejudice, of charges against appellee Devon Smith, finding him incompetent to proceed due to mental retardation. The state contends that the court erred in failing to appoint experts for a third time to evaluate the appellee prior to dismissal. We affirm as no further hearing is required under Florida Rule of Criminal Procedure 3.213(a)(2), when appellee's incompetency is due to mental retardation.
Smith was charged by information with burglary of a dwelling on July 28, 2003, a first-degree felony. Pursuant to Florida Rule of Criminal Procedure 3.210, the court appointed three experts to evaluate Smith's competency. In January 2004, the court found Smith incompetent due to mental retardation, based on the results of the doctor reports which were stipulated to by counsel. He was examined again in 2005, but the results of those tests are not in the record, nor is there any order indicating that the court determined that appellee was returned to competency. (We are told that two of the experts found Smith incompetent but one expert found him competent.) In 2006, the appellee moved to dismiss the charges without prejudice as a result of his mental retardation. The state requested the appointment of additional experts to examine him, but the court refused, concluding that no further hearing was necessary where mental retardation is involved. The state appeals.
Section 916.303(1), Florida Statutes, provides for the dismissal of charges against a *757 defendant found incompetent to proceed due to mental retardation:
The charges against any defendant found to be incompetent to proceed due to retardation or autism shall be dismissed without prejudice to the state if the defendant remains incompetent to proceed within a reasonable time after such determination, not to exceed 2 years, unless the court in its order specifies its reasons for believing that the defendant will become competent to proceed within the foreseeable future and specifies the time within which the defendant is expected to become competent to proceed. The charges may be refiled by the state if the defendant is declared competent to proceed in the future.
The First District has held that section 916.303 creates a substantive right to dismissal. See Hines v. State, 931 So.2d 148 (Fla. 1st DCA 2006).
At issue in this appeal is whether the trial court was required to hold an evidentiary hearing prior to the dismissal of charges based upon the appellee's continued incompetency due to mental retardation. The state argues that the court was required to hold a formal hearing including testimony of experts before it dismissed the case. Blow v. State, 902 So.2d 340 (Fla. 5th DCA 2005); Sledge v. State, 871 So.2d 1020 (Fla. 5th DCA 2004); Molina v. State, 946 So.2d 1103 (Fla. 5th DCA 2006). However, the cases cited by the state stand for the proposition that a proper hearing is required before one can be adjudicated competent to proceed when one has originally been declared incompetent. They do not stand for the proposition that a hearing is required before a court can find that a defendant is still incompetent. Rather, Blow, Molina, and Sledge recognize the continuing presumption of incompetency. See also Samson v. State, 853 So.2d 1116, 1116 (Fla. 4th DCA 2003) ("An individual adjudicated incompetent is presumed to remain incompetent until adjudicated restored to competence. Furthermore, `the legal status of a defendant cannot be adjudicated from incompetent to competent without a hearing.'") (citations omitted).
Florida Rule of Criminal Procedure 3.213(a) addresses the dismissal of charges against a defendant found incompetent to stand trial due to mental illness or due to retardation or autism, and provides different procedures depending upon the source of the incompetency. It states:
(1) If at any time after 5 years following a determination that a person is incompetent to stand trial . . . the court, after hearing, determines that the defendant remains incompetent to stand trial . . ., that there is no substantial probability that the defendant will become mentally competent to stand trial . . ., and that the defendant does not meet the criteria for commitment, it shall dismiss the charges against the defendant without prejudice to the state to refile the charges should the defendant be declared competent to proceed in the future.
(2) If the incompetency to stand trial or to proceed is due to retardation or autism, the court shall dismiss the charges within a reasonable time after such determination, not to exceed 2 years for felony charges . . ., unless the court specifies in its order the reasons for believing that the defendant will become competent within the foreseeable future and specifies the time within which the defendant is expected to become competent. The dismissal shall be without prejudice to the state to refile should the defendant be declared competent to proceed in the future.
*758 Where incompetency is due to mental illness, the court must conduct a hearing and determine whether the defendant remains incompetent to stand trial and whether there is a substantial probability that he will become mentally competent to stand trial. In contrast, the rule governing incompetency due to mental retardation does not contain any such requirement and makes no mention of any hearing. Rather, it simply states that the court "shall dismiss the charges."
The time period that must elapse before charges are dismissed is much shorter in the case of mental retardation and autism than for mental illness. The difference in the standards and time period can probably be explained by the fact that mental retardation and autism are typically lifelong conditions, whereas mental illness may be a condition more amenable to treatment. Indeed, when the supreme court amended rule 3.123 by adding subdivision (2) setting forth a procedure for dismissing charges against persons incompetent to stand trial because of retardation or autism, the court explained:
The Committee proposed these amendments in response to Byrd v. State, 834 So.2d 872, 873 (Fla. 1st DCA 2003) ("[G]iven the Legislature's clear intention to differentiate between defendants who are incompetent to proceed due to mental illness, which is often curable, and those whose incompetence is due to mental retardation or autism, for which there is no `cure,' the Florida Supreme Court may find it appropriate to consider amending Rule 3.213 to reflect such a distinction."). Section 916.303(1), Florida Statutes (2005), provides that "[t]he charges against any defendant found to be incompetent to proceed due to retardation or autism shall be dismissed without prejudice." The present amendment renders the rule consistent with the statute.
In re Amendments to the Fla. Rules of Criminal Procedure (Three Year Cycle), 942 So.2d 407, 408 (Fla.2006).
Once a defendant is found incompetent to stand trial, there is a presumption of continuing incompetency. See Blue v. State, 837 So.2d 541, 543 (Fla. 4th DCA 2003). In the absence of any offer of proof by the state that Smith's mental status had changed, the trial court did not abuse its discretion in dismissing the charges after the expiration of more than two years.
Because neither the statute nor the rule require an additional hearing prior to dismissal of the charges based on mental incompetency due to mental retardation, the presumption of continued incompetency continues. We affirm the trial court's order of dismissal.
POLEN and TAYLOR, JJ., concur.