DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALAN NERETTE,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D21-630

[July 21, 2021]

Petition for writ of mandamus to the County Court for the Seventeenth Judicial Circuit, Broward County; Melinda K. Brown, Judge; L.T. Case Nos. 19-008316MM10A and CACE20-21377.

Howard Finkelstein, Public Defender, and James K. Rubin, Assistant Public Defender, Fort Lauderdale, for petitioner.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for respondent.

FORST, J.

Petitioner Alan Nerette seeks a writ of mandamus and/or prohibition directing the trial court to dismiss the State's misdemeanor charge for exposure of sexual organs. He argues the trial court erred in denying his Florida Rule of Criminal Procedure 3.213 motion to dismiss when he was presumed incompetent for more than one year before filing the motion. As set forth below, we treat Petitioner's filing as a petition for writ of certiorari. Petitioner is correct that he was presumed incompetent for more than one year before he filed the motion to dismiss. However, because he failed to submit to a court-ordered competency evaluation before rule 3.213's one-year time limit ran, we deny the petition.

**Background**

After the State charged Petitioner with one misdemeanor count of exposure of sexual organs, Petitioner moved for release on recognizance. The trial court granted release and appointed an expert to determine his competency. Petitioner completed an evaluation with Dr. Faraldo, and on

August 23, 2019, the trial court entered an order finding he was incompetent to proceed.

The trial court subsequently revoked Petitioner's supervision by pretrial services for violating a condition of release. He was taken to jail and held on bond. Petitioner again moved for release on recognizance or, alternatively, to reduce bond. On February 3, 2020, the trial court held a hearing and entered an order appointing Dr. Day to determine Petitioner's competency.

Petitioner submitted to the evaluation, and Dr. Day's report opined Petitioner was incompetent to proceed to trial but had a fair possibility of restoration of competency with medication. On February 21, 2020, the trial court entered an order granting Petitioner's release from jail based on his incompetence. Four months later, the State requested that Dr. Day reevaluate Petitioner. The trial court granted that request, ordered Petitioner to submit to another competency evaluation, and set a hearing for June 22, 2020.

At the hearing, Petitioner's counsel notified the trial court that, due to COVID-19, Dr. Day was not conducting in-person evaluations. Counsel objected to a remote evaluation. The State did not object to counsel finding another doctor who would conduct an in-person evaluation. The trial court ordered Petitioner to be evaluated by July 23, 2020, whether the evaluation was conducted remotely by Dr. Day or in-person with a different doctor.

Petitioner never submitted to the evaluation. Instead, on September 1, 2020, he filed a motion to dismiss his misdemeanor charge, pursuant to Florida Rule of Criminal Procedure 3.213(a)(1), arguing that he had remained incompetent for more than one year. Petitioner claimed he was first found incompetent to proceed on August 23, 2019, and the trial court never entered an order after that date finding his competency had been restored.

After a hearing, the trial court issued an order denying Petitioner's motion to dismiss. The court explained that Petitioner had been ordered to undergo a competency evaluation before July 23, 2020. The trial court found Petitioner never submitted to an evaluation before that date, did not avail himself to the court until the hearing on the motion to dismiss, and was not in contact with counsel since he was last ordered to complete a reevaluation. The trial court also ordered Petitioner to be reevaluated by Dr. Day. The court's order is the subject of our review.

2

## Analysis

The trial court's denial of a motion to dismiss pending charges due to incompetence to proceed can be considered through certiorari review. *See Bryant v. State*, 99 So. 3d 612, 613 (Fla. 5th DCA 2012); *Hines v. State*, 931 So. 2d 148, 149 (Fla. 1st DCA 2006); *Downing v. State*, 617 So. 2d 864, 865 (Fla. 1st DCA 1993); *Ricciardelli v. State*, 453 So. 2d 199, 200 (Fla. 4th DCA 1984).

Petitioner argues the trial court was required to dismiss his charge pursuant to Florida Rule of Criminal Procedure 3.213 (2020) because the trial court found him incompetent to proceed more than one year before he filed the motion to dismiss and because the court never made a finding of restoration. Florida Rule of Criminal Procedure 3.213(a)(1) provides in relevant part:

> **(a) Dismissal without Prejudice during Continuing Incompetency.**
>
> After a determination that a person is incompetent to stand trial or proceed with a probation or community control violation hearing, the charge(s):
>
> (1) *shall be dismissed* 1 year after a finding if the charge is a misdemeanor . . . *provided that the court finds that the defendant remains incompetent to stand trial* or proceed with a probation or community control violation hearing unless the court in its order specifies its reasons for believing that the defendant is expected to become competent to proceed.

*Id.* (emphases added).

"Once a defendant is found incompetent to stand trial, there is a presumption of continuing incompetency." *State v. Smith*, 982 So. 2d 756, 758 (Fla. 4th DCA 2008). Where the State does not offer proof that the defendant's mental status has changed, the trial court does not abuse its discretion in dismissing the charges after expiration of rule 3.213's applicable time period. *Id.*

At the time Petitioner filed his motion to dismiss, it had been slightly more than a year since he had initially deemed incompetent (on August 23, 2019). However, on June 22, 2020, the trial court had ordered Petitioner to be reevaluated by July 23, 2020, one month before the one-year anniversary of the initial finding of incompetency. Petitioner refused

3

to comply with this order and evaded contact with both his counsel and the court and ultimately moved to dismiss the misdemeanor charge.

Petitioner may not take advantage of his failure to abide by the court's order. Had he submitted to the reevaluation by July 23, 2020 as ordered, Dr. Day could have opined Petitioner was competent to proceed, as Dr. Day's February 2020 report stated Petitioner had a fair possibility of being restored to competency with medication.

We conclude that Florida Rule of Criminal Procedure 3.213(a)'s directive that misdemeanor charges "*shall* be dismissed 1 year after a finding" of incompetence inapplicable under these circumstances. (emphasis added). The directive is based on the presumption of continuing incompetence, but a defendant cannot thwart the State's ability to rebut this presumption by refusing to be examined. The trial court is not a potted plant in this scenario. Here, the trial court appropriately did *not* "find[] that the defendant remains incompetent to stand trial[,]" *id.*, and instead referred Petitioner to Dr. Day for the competency examination that Petitioner had evaded in June and July of 2020.

## Conclusion

The trial court did not depart from the essential requirements of law in refusing to dismiss the charge under these circumstances. Discretionary writ relief is not merited. The petition is denied.

*Petition treated as petition for writ of certiorari and denied.*

GERBER, J., concurs.
WARNER, J., specially concurs with opinion.

WARNER, J., specially concurring.

I concur in the majority's denial of the petition for writ of certiorari and write to address the distinction between this case and *State v. Morris*, 297 So. 3d 594 (Fla. 4th DCA 2020). Petitioner contends that *Morris* stands for the proposition that no hearing was necessary in this case because by legal presumption petitioner remained incompetent for a period of one year. Thus, he argues he had a right to dismissal of his charges under Florida Rule of Criminal Procedure 3.213(a)(1). *Morris*, however, was based on section 916.145, Florida Statutes (2019), which provides that charges against a defendant adjudicated incompetent to proceed shall be dismissed after five years of continuous incompetence, unless the court specifies its reasons for believing the defendant will become competent.

4

Under the statute, the court does not need to make a finding of continued incompetency. However, under rule 3.213(a)(1), the misdemeanor charges shall be dismissed after one year of a finding of incompetency, "provided that the court finds that the defendant remains incompetent to stand trial . . . ." Thus, the court is required to make a finding of incompetency to authorize dismissal under the rule, and dismissal of misdemeanor charges after one year of incompetency is conditional, rather than mandatory as it is under section 916.145.

There does appear to have been considerable confusion regarding the ordered examination. The court directed that a written order be prepared to clarify the court's ruling, but no order was prepared. The examination was to have occurred prior to a July 23, 2020 hearing, but that hearing was cancelled. The record shows that both the State and the defense dropped the ball in securing an evaluation, as the State could have alerted the court that the evaluation had not occurred. Had it done so, the court could have ordered petitioner to be taken into custody until the determination of his competency was resolved. *See* Fla. R. Crim P. 3.210(b)(3).

Nevertheless, the court had to make a finding of incompetency to dismiss the charges. Because of that, I agree that requiring the competency evaluation prior to dismissing the misdemeanor charges against petitioner is not a departure from the essential requirements of law.

*         *         *

***Not final until disposition of timely filed motion for rehearing.***