# Third District Court of Appeal

## State of Florida

Opinion filed December 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1046
Lower Tribunal No. 16-CF-52-A-P
_____


**Jeremy Macauley,**
Appellant,

vs.

**State of Florida,**
Appellee.


An Appeal from the Circuit Court for Monroe County, Luis Garcia, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Katryna Santa Cruz, Assistant Attorney General, for appellee.


Before LINDSEY, GORDO, and GOODEN, JJ.

LINDSEY, J.

Appellant, Defendant below, Jeremy Macauley, appeals his conviction and sentence to consecutive terms of life imprisonment for two counts of first-degree murder and one count of armed robbery.[1] On Appeal, Macauley seeks reversal of the trial court's judgment of conviction and sentence, arguing the trial court erred in admitting his prior trial testimony because he alleges such testimony was tainted by ineffective assistance of counsel. We affirm.

## I. PROCEDURAL BACKGROUND

### A. The First Trial

In Macauley v. State, 306 So. 3d 196 (Fla. 3d DCA 2020) (the "First Trial"),[2] Macauley was indicted with two counts of first-degree murder and one count of armed robbery. During the First Trial, the court excluded exculpatory testimony from a defense witness. Thereafter, Macauley

---

[1] This Court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(b)(1)(A) because this is a timely appeal from a final judgment adjudicating guilt.

[2] The Court may appropriately take judicial notice of the records in prior appeals. See Sinclair v. State, 853 So. 2d 551, 552 n.2 (Fla. 1st DCA 2003) ("[W]e of course may appropriately take judicial notice of the records in former appeals."); Pacheco v. Gonzalez, 254 So. 3d 527, 533 n.5 (Fla. 3d DCA 2018) ("An appellate court can take judicial notice of its own files and records.").

testified. After Macauley testified, the jury convicted him on all counts. The trial court sentenced Macauley to consecutive life terms.

Macauley did not allege ineffective assistance of counsel during the First Trial, nor after the conviction through a Rule 3.850 motion to vacate, set aside, or correct sentence. See generally Fla. R. Crim. P. 3.850. Accordingly, there was no finding by the trial court in the First Trial of ineffective assistance of counsel relating to Macauley's testimony. On December 31, 2017, Macauley appealed the First Trial's final judgment of conviction and sentence. On appeal, Macauley did not argue ineffective assistance of counsel relating to Macauley's testimony.

However, on other grounds, this Court reversed Macauley's convictions and sentences for a new trial (the "Second Trial") because the trial court erroneously excluded the defense witness's exculpatory testimony. See Macauley, 306 So. 3d at 206.

### B. The Second Trial

Macauley had different counsel at the Second Trial during which the State sought to use Macauley's prior testimony from the First Trial.[3]

---

[3] Generally, "a defendant's testimony at a former trial is admissible in evidence against him in later proceedings." State v. Billie, 881 So. 2d 637, 639 (Fla. 3d DCA 2004) (quoting Harrison v. United States, 392 U.S. 219, 222 (1968)).

3

Macauley's counsel objected contemporaneously mid-trial, arguing such testimony should be excluded because it was a product of ineffective counsel in the First Trial.

In support of this objection, Macauley alleged that his former counsel (a) wrongfully presented Macauley to the State Attorney's Office for an interview while his case was still pending; (b) had a conflict in representing Macauley; and (c) did not prepare Macauley for his testimony in the First Trial. This was the first time—in either trial—where Macauley raised any issue relating to ineffective assistance of counsel.

Ultimately, the Court denied the mid-trial objection in the Second Trial and granted the State's motion to introduce Macauley's First Trial testimony. The jury found Macauley guilty. On June 4, 2024, the trial court sentenced Macauley to consecutive life terms. Macauley did not seek postconviction relief for ineffective assistance through a Rule 3.850 motion.[4]

---

[4] Macauley's counsel failed to move for postconviction relief for ineffective assistance through a Rule 3.850 motion even after the trial court advised that it was the proper procedural vehicle for doing so:

> TRIAL COURT: [I]f you're going to argue ineffective assistance of counsel, . . . literally, what happens is, the case gets affirmed, then you have your 3.850, and then there's a hearing, and there's testimony taken.

4

**C. Current Appeal**

Macauley timely appealed the June 2024 judgment of conviction and sentence. On appeal, Macauley argues that under <u>Harrison v. United States</u>, 392 U.S. 219 (1968), the Second Trial court erred in admitting his First Trial testimony because the substance of the testimony from the First Trial was tainted by ineffective assistance of counsel.

The State argues that Macauley's claim of ineffective counsel relating to his First Trial Testimony has not been adequately preserved for appellate review. The State also argues that <u>Harrison</u> is inapplicable outside the context of government induced confessions; that in the absence of a finding of ineffective assistance, the trial court properly admitted the First Trial testimony; and that even if the Court finds the ineffective assistance claim was properly raised mid-trial, Macauley did not meet the standard for proving ineffectiveness.

## II.    ANALYSIS

### A. Legal Standard

"[A] trial court has wide discretion concerning the admissibility of evidence, and, in the absence of an abuse of discretion, a ruling regarding admissibility will not be disturbed." <u>Caraballo v. State</u>, 39 So. 3d 1234, 1253 (Fla. 2010) (quotation omitted). "Discretion is abused only when the judicial

action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable person would take the view adopted by the trial court." Tundidor v. State, 221 So. 3d 587, 601 (Fla. 2017).

Further, "[a]n appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error." § 924.051(3), Fla. Stat. (2025).

Therefore, the precise questions for this Court are two-fold. Whether Macauley's counsel's mid-trial objection in the Second Trial properly preserved the issue of ineffective assistance of counsel relating to Macauley's First Trial testimony. And if not, whether the Second Trial court's decision to overrule the mid-trial objection constituted fundamental error.

**B. Macauley's Counsel's Mid-trial Objection in the Second Trial did not Properly Preserve the Issue of Ineffective Assistance of Counsel Relating to Macauley's First Trial Testimony**.

Generally, to preserve an error for review on appeal, a contemporaneous objection must be made at the trial level at the time the alleged error occurred. See Wilcox v. State, 143 So. 3d 359, 372 (Fla. 2014). In some instances, though, it is important to make the motion or objection at a certain stage of the proceedings in the trial court to properly preserve an

6

error for review on appeal. On point here, claims of ineffective assistance are unpreserved unless "presented in a postconviction motion under Florida Rule of Criminal Procedure 3.850." Smith v. State, 998 So. 2d 516, 522 (Fla. 2008), as revised on denial of reh'g (Dec. 18, 2008).

Accordingly, we agree with the State that a mid-trial objection is insufficient to preserve the issue of ineffective assistance relating to Macauley's First Trial testimony. See id. ("[I]neffective assistance claims are not usually presented to the judge at trial, and we have repeatedly stated such claims are not cognizable on direct appeal.").

Here, Macauley alleges ineffective assistance of counsel occurred in the First Trial. Yet no Rule 3.850 postconviction motion alleging ineffective assistance of counsel was filed in either trial.[5] Therefore, Macauley's ineffective assistance of counsel claim is not preserved.

---

[5] In the alternative, Macauley asks this Court to relinquish jurisdiction and remand so that the trial court can make findings on ineffectiveness. He relies on Nelson v. State, 336 So. 3d 744 (Fla. 2d DCA 2021). In Nelson, the trial court erroneously failed to hold a competency hearing even though Florida Rule of Criminal Procedure 3.210(b) required it to do so on its own motion at any material stage in the proceeding once grounds for incompetency arose. See id. at 745. The appropriate remedy there was to relinquish jurisdiction to allow the trial court to conduct the required competency hearing. See id. But Rule 3.210(b)'s *sua sponte* competency hearing requirement is not present here in the context of ineffective assistance. Instead, the proper procedural vehicle for Macauley to receive an ineffective assistance hearing was for him to first file a postconviction Rule 3.850 motion alleging ineffective assistance. See Thompson v. State, 859 So. 2d 1276, 1276 (Fla. 3d DCA 2003) (citing

7

## C. The Second Trial Court's Decision to Overrule the Mid-trial Objection was not Fundamental Error.

In <u>Steiger v. State</u>, the Florida Supreme Court held that an unpreserved claim for ineffective assistance of counsel is not directly appealable absent an allegation of fundamental error. <u>See</u> 328 So. 3d 926, 931–32 (Fla. 2021) ("[S]ection 924.051(3)'s preservation requirement to ineffective assistance of trial counsel claims on direct appeal . . . leav[es] such unpreserved claims to . . . be separately alleged as fundamental error[.]").

Macauley's allegation of fundamental constitutional error relies on <u>Rolon v. State</u>, 72 So. 3d 238 (Fla. 2d DCA 2011) for the proposition that admitting a defendant's prior trial testimony in his second trial violates a Defendant's Sixth Amendment right to effective counsel where the substance of the testimony from the first trial was tainted by ineffective assistance of counsel.

---

Fla. R. Crim P. 3.850) ("Ineffective assistance of trial counsel claims are properly raised in post-conviction relief motions . . . ."); <u>see</u> <u>generally</u> Fla. R. Crim P. 3.850(f)(8) (emphasis in original) ("*Disposition by Evidentiary Hearing.*"). Thus, unlike <u>Nelson</u>, here, the trial court had no duty to hold an ineffective assistance hearing without Macauley first filing the proper postconviction motion. <u>Cf</u>. 336 So. 3d at 745. Macauley failed to do so in both trials. Accordingly, <u>Nelson</u> is distinguishable, and relinquishing jurisdiction is not proper here.

However, <u>Rolon</u> is distinguishable. The <u>Rolon</u> court's reasoning hinged on the first trial court's clear finding of ineffective assistance. <u>See</u> 72 So. 3d at 245. Here, without that clear finding in the First Trial, there is no ineffective assistance relating to Macauley's First Trial testimony that can bring the taint of the Sixth Amendment violation into the Second Trial. <u>Cf</u>. <u>id.</u> ("In light of this clear finding of ineffectiveness relating specifically to Rolon's testimony, the trial court's subsequent order allowing the State to introduce his testimony from the first trial . . . in the second trial brought the taint of that Sixth Amendment violation, . . . from the first trial directly into the second trial.").

Further, without a finding of ineffective assistance of counsel relating to Macauley's First Trial testimony, it cannot be determined whether the testimony contributed to the first verdict or this Court's reversal. Having gotten the benefit of the reversal of the First Trial, Macauley is not entitled to a second bite at the apple after being convicted in the Second Trial.

Accordingly, Macauley's reliance on <u>Rolon</u> to establish fundamental error fails. As such, he cannot establish fundamental error as is required for reversal under <u>Steiger</u> in the absence of a preserved ineffective assistance of counsel claim. <u>See</u> 328 So. 3d at 932.

9

### III. CONCLUSION

Simply put, reconciling <u>Smith</u> and <u>Steiger</u>, the preservation requirement of Section 924.051(3) narrows an appellant's ability to prevail on an appeal of an ineffective assistance of counsel claim to two methods: (1) appealing after properly preserving the issue through a Rule 3.850 postconviction motion alleging ineffective assistance of counsel; or (2) if failing to properly preserve, separately alleging and demonstrating that the ineffective assistance of counsel constitutes fundamental error. <u>See</u> 998 So. 2d at 522; <u>accord</u> 328 So. 3d at 931–32. Here, Macauley failed to do either. Accordingly, we affirm.

Affirmed.