898 So.2d 1070 (2005)
Joseph H. RODDENBERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2485.
District Court of Appeal of Florida, Fifth District.
March 18, 2005.
*1071 James S. Purdy, Public Defender, and Jane C. Almy-Loewinger, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
GRIFFIN, J.
Joseph H. Roddenberry ["Roddenberry"] appeals an order finding him incompetent to proceed to trial and involuntarily committing him to the Florida Department of Children and Families ["DCF"]. We reverse.
In February 2003, when he was twenty-two years old, Roddenberry was charged in two separate informations with three counts of sexual battery for offenses he allegedly committed when he was thirteen years old. The two victims involved in the informations were five and seven years old when the offenses were committed.
Defense counsel questioned Roddenberry's competency to stand trial and moved for a mental examination of her client. In response, the court appointed two experts to examine Roddenberry  Dr. James Hogan and Dr. Harry Krop.
At a hearing on April 21, 2003, the court reviewed the contents of the experts' reports. Dr. Hogan's report was filed with *1072 the court, but was sealed by court order. Dr. Krop's report was considered by the trial court, but was apparently never made part of the record. However, both experts apparently agreed that Roddenberry, who suffers from mild mental retardation, was not competent to stand trial and recommended supervised release with some type of competency training. The prosecutor admitted that both experts were indicating that Roddenberry did not qualify for inpatient treatment, but the court ordered Roddenberry's transfer to the treatment center for secure placement, stating, "[M]aybe another team of doctors can look him over. Meanwhile, he's safe from himself and his own impulses." The court's decision was based, at least in part, on its concern that there really was no place or person who could supervise Roddenberry if he were released.
Three days later, on April 24, 2003, the court entered an order committing Roddenberry to the custody of the DCF for secure placement with the goal of attaining competency to proceed. The findings of fact made by the trial court were:
That the defendant is suffering from Mild Mental Retardation, pursuant to the determination of both experts.
That based upon this condition, the defendant is currently not able to comprehend the process or assist his attorney in a meaningful way in preparation of his defense.
That there is no suitable environment for the defendant to be released to while he undergoes competency training.
In its conclusions of law, the trial court found that there was "clear and convincing" evidence that Roddenberry met the criteria for involuntary commitment in that:[1]
The defendant is retarded or autistic and because of the defendant's retardation or autism meets the criteria for involuntary secure placement in that there is a substantial likelihood that in the near future the defendant will inflict serious bodily harm on himself or another person, as evidenced by recent behavior causing, attempting or threatening such harm; and
The defendant requires a secure placement due to clear and convincing evidence that all available less-restrictive alternatives, including training in community residential facilities or other community settings, which might offer an opportunity for improvement of the defendant's condition are judged to be inappropriate.
*1073 This order is deficient because it contains no finding pursuant to subsection (d) of section 916.302(1)that:
There is a substantial probability that the retardation or autism causing the defendant's incompetence will respond to training and the defendant will regain competency to proceed in the reasonably foreseeable future.
This is a critical finding which is essential to commitment and without such a finding, the order cannot be sustained on appeal. Jackson v. Indiana, 406 U.S. 715, at 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). See also § 916.3012(4), Florida Statutes (2002). This is an issue which must be considered prior to commitment, not afterward. It is a defendant's "restorability" that allows commitment for competency training. The inability to restore the defendant requires dismissal of the charges against him or civil commitment.
It has now been a period of almost two years since Roddenberry's commitment. If any further proceedings have been held in accordance with the procedures set forth in Florida Rule of Criminal Procedure 3.212, we are not aware of them. We reverse the order under review and remand for a new, expedited hearing on Roddenberry's commitment.
REVERSED and REMANDED.
THOMPSON and PALMER, JJ., concur.
NOTES
[1] In initiating our review, we noted that neither of the reports relied upon by the trial court in making its ruling were included in the record on appeal. We gave Roddenberry the opportunity to supplement the record with the reports. Fla. R.App. P. 9.200. Roddenberry submitted Dr. Hogan's report, but his appellate counsel did not provide Dr. Krop's report, perhaps because it was never made a part of the record below. Interestingly, however, upon supplementing the record with Dr. Hogan's report, the clerk of the lower court also transmitted a subsequent competency evaluation which had been performed on Roddenberry after his commitment to Florida State Hospital at Chattahoochee, Florida. This evaluation, which had been performed by Dr. Simmons, was dated January 17, 2004. Dr. Simmons concluded that Roddenberry remained incompetent to proceed to trial and said that it was highly unlikely that he would gain competency in the foreseeable future, as his problems were not amenable to training. Accordingly, he recommended that the court consider dropping the charges against Roddenberry. He also recommended that Roddenberry be transferred to a non-secure residential development services program, because he had been a model resident, had not engaged in any known criminal behavior, and does not appear to have a "pedophilic sexual arousal pattern" (e.g. he is not aroused by children).