930 So.2d 838 (2006)
Eugene DOUSE, Jr., Petitioner,
v.
STATE of Florida, and Ric L. Bradshaw, Sheriff of Palm Beach County, Respondents.
No. 4D06-2067.
District Court of Appeal of Florida, Fourth District.
June 12, 2006.
Carey Haughwout, Public Defender, and Daniel Cohen and Jennifer Marshall, Assistant Public Defenders, West Palm Beach, for petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for respondents.
FARMER, J.
We grant the petition and direct the trial judge to hold an immediate hearing to determine whether release conditions should be modified or, instead, whether this incompetent defendant should be committed to the Department of Children and Family Services.
Defendant was arrested and charged with burglary of a dwelling and grand theft. He was granted conditional pretrial release. Later the trial court entered an order finding him incompetent to proceed[1] *839 and placing him on conditional release to reside with his guardian.[2] More recently he was arrested and charged with another burglary of an occupied dwelling. The state then moved to revoke his pretrial release.
At the hearing on revocation, the State presented evidence of an extensive criminal history[3] as well as the new charge. Defense counsel offered the order finding him incompetent as well as evidence that he had not been receiving medication for his schizophrenia. Counsel argued that under section 916.17, the court has but two options: (1) modify conditions of pretrial release, or (2) commit defendant to DCFS for involuntary treatment. The State countered that defendant is a danger to the community and that the commission of a new offense while at large on pretrial release authorizes the court to revoke his release entirely and remand him to the custody of the Sheriff.
The trial court noted the reports of two doctors, one stating that "the client is not competent to proceed with trial at present and is a candidate for involuntary hospitalization," and asked the parties to address Parker v. State, 843 So.2d 871 (Fla. 2003), which upheld the power of trial courts to revoke pretrial release upon probable cause to believe that a released defendant has committed a new offense. In response the State argued that "regardless of chapter 916" the court had the authority under section 903.0471 to revoke an incompetent defendant's release upon the commission of a new offense. The trial court said: "Just because he's under [chapter] 916 and has been released pursuant to that doesn't mean that it's . . . sort of a get out of jail card free for any subsequent crimes." The defense responded that with the finding that he is incompetent, the trial court has but two options: either impose modified conditions of release or involuntarily commit defendant for treatment. The trial court agreed with the State's analysis:
"the court finds that just because he was found incompetent to proceed under chapter 916 doesn't mean that no matter what . . . crimes he commits thereafter, that somehow falls within the  some protective umbrella that precludes subsequent incarceration. The court finds that ... under [section] 903.0471 that he has violated these conditions of release and that he will be held without bond in both cases."
It is from that order that defendant seeks our relief.
We must disagree with the trial judge and the State. The finding of incompetency places this defendant into a different statutory category. For competent defendants, section 903.0471 does indeed authorize revocation of release and the imposition of pretrial detention upon the commission of a new offense while on pretrial release from a pending charge. But where, as here, a defendant has been found incompetent to proceed and is then released upon conditions and commits a new offense, section 916.17(2) leaves the trial judge with only two options: modify the conditions of release or involuntarily commit the defendant to DCFS for treatment.
*840 This is obviously a consequence of being incompetent. The principle here is that is a violation of essential fairness to detain an accused in a jail indefinitely when he is incompetent to proceed. While so detained he cannot be tried precisely because he is incompetent to proceed, yet jailhouse treatment for his incompetency is unlikely. It is illogical to hold that an incompetent defendant who commits a new offense thereby loses the protection afforded to those who are incapable of defending themselves. If that were the case, such persons could be detained indefinitely without any finding of guilt. When they become a danger to the community, as here, and the State establishes that no conditions can be fashioned to protect the community, section 916.17(2) provides the option of involuntary commitment to a facility where he will receive treatment.
We therefore grant the writ to the extent of requiring an immediate hearing for the trial judge to select the appropriate section 916.17(2) option. While it may be advisable to have defendant evaluated once again for competency under section 916.12(2), the previous evaluating doctors both opined that this defendant was in need of treatment available only through commitment. We leave it up to the trial judge to decide whether to proceed on the current record or to order new evaluations.
Petition granted.
SHAHOOD and GROSS, JJ., concur.
NOTES
[1] See § 916.106(9), Fla. Stat. (2005) ("`Incompetent to proceed' means unable to proceed at any material stage of a criminal proceeding, which shall include trial of the case, pretrial hearings involving questions of fact on which the defendant might be expected to testify, entry of a plea . . . sentencing. . . .").
[2] There was evidence that defendant has an IQ of 59 and suffers from schizophrenia. The order of incompetency found that he meets the definition of "retardation" in section 916.106(12).
[3] He had served 14 years for robbery with a firearm, kidnapping, two unarmed robberies, burglary of a dwelling and attempted burglary. He also had past convictions for felony possession of a firearm, burglary and grand theft.