960 So.2d 7 (2007)
Ricardo J. MILLER, Petitioner,
v.
STATE of Florida and Ken Jenne, as Sheriff of Broward County, Florida, Respondents.
No. 4D06-4908.
District Court of Appeal of Florida, Fourth District.
January 19, 2007.
Howard Finkelstein, Public Defender, and Diane M. Cuddihy, Assistant Public Defender, Fort Lauderdale, for petitioner.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for respondent State of Florida.
PER CURIAM.
Ricardo J. Miller (Defendant) filed a petition for writ of habeas corpus, challenging his involuntary commitment to the Department of Children and Families for mental health treatment in a state forensic hospital, and/or for writ of certiorari, seeking to quash the orders of commitment. We grant the petition.
In 1994, Defendant was charged with possession of a weapon, a knife, on school grounds. He was adjudged incompetent to proceed but, following a hearing, the trial court determined that he did not meet the criteria for involuntary commitment. He was placed on conditional release and was ordered to receive treatment *8 at a residential treatment facility as a condition of his release. Thereafter, he failed to comply with the terms of his conditional release several times, and his release was modified several times. However, there were no arrests for new offenses. The violations consisted of leaving his court-ordered placement, being noncompliant with his prescribed medication, and staying out beyond his curfew. No violent behavior was involved.
At a hearing on the recent violations of conditional release, the trial court acknowledged that Defendant was found not to meet the criteria for involuntary commitment. But the judge indicated he intended to rely on Douse v. State, 930 So.2d 838 (Fla. 4th DCA 2006), where he explained, this court outlined three options in situations in which someone on conditional release violated the conditions of release: (1) committing the defendant to the state hospital if the criteria of commitment are met; (2) placing the defendant on conditional release again; or (3) making a finding that there are no conditions that would ensure the safety of the community and committing the defendant to a state hospital.[1] The trial court decided to revoke Defendant's conditional release based on his case manager's testimony as to his noncompliance with the conditions of release, found there were no conditions that could be fashioned to protect the community, and, purporting to act under Douse, concluded it had the authority to commit Defendant to the state forensic hospital. But no finding was made at the hearing that Defendant met the criteria for involuntary commitment specified in section 916.13, Florida Statutes (2006).
In three orders, two dated November 16 and one dated November 17, 2006, the trial court revoked Defendant's conditional release, adjudged him to be incompetent to proceed due to mental illness, and committed him to the Department of Children and Families. The November 17 order indicated the commitment was based on written reports of the forensic psychologists  which, however, were not attached to the order. In this last order, the court found that Defendant met the criteria for commitment to a treatment facility as provided in section 916.13(1).[2]
The basis for Defendant's challenge to his commitment is that no evidence supported a finding that he met the criteria set forth in section 916.13(1)(a). We agree.
This court's opinion in Douse reflects that one of the two doctors who examined him concluded that Douse was a candidate for involuntary hospitalization, 930 So.2d at 839, and the doctors had opined that Douse needed treatment that could be provided only through commitment. Id. at 840. In this case, however, the trial court had found before the hearing that Defendant did not qualify for involuntary commitment, and no evidence was presented at the hearing to support, with respect to section 916.13(1)(a),[3] the trial court's *9 November 17, 2006 written finding that he did.
The State's response suggests that because Defendant was on conditional release, he was so placed in lieu of involuntary commitment, pursuant to section 916.17. That is not necessarily so. Rule 3.212, Florida Rules of Criminal Procedure, provides that if the court finds a defendant is incompetent to proceed, it has three options. The first is to order treatment, if appropriate and available, which may be done in the community as a condition of release. Fla. R.Crim. P. 3.212(c)(1). The court's other options are to order treatment at the custodial facility where the defendant is incarcerated, to order transfer to another facility, or to order commitment, if the provisions of subdivision (c)(3) are met. Fla. R.Crim. P. 3.212(c)(2). Commitment, however, requires that the defendant meet the statutory criteria, Fla. R.Crim. P. 3.212(c)(3)(A)  that is, the criteria of section 916.13(1), Florida Statutes. See also § 916.17(2), Fla. Stat. (2006) (providing that after a hearing on the violation of conditions of release, "the court may modify the release conditions. The court may also order that the defendant be returned to the department if it is found, after the appointment and report of experts, that the person meets the criteria for involuntary commitment under s. 916.13 or s. 916.15[4].") (emphasis added).
Accordingly, we grant the petition and quash the orders on review. The trial court may commit Defendant to the department if it finds, by clear and convincing evidence, that he meets the criteria of section 916.13(1)[5]; otherwise, the court may again release Defendant to treatment in the community or order treatment for him in a custodial facility.
Period of time to file motion for rehearing is limited to seven days. If no motion is filed the mandate shall issue immediately.
Petition Granted.
STONE, POLEN and SHAHOOD, JJ., concur.
NOTES
[1] This court in Douse actually found the trial court had only two options: modification of the conditions of release or involuntary commitment to the department for treatment.
[2] While this was not raised as an issue by Defendant, we note that the commitment orders provided to this court do not appear to meet the requirement of Florida Rule of Criminal Procedure 3.212(c)(4), which requires a commitment order to contain, inter alia, copies of the reports of the experts filed pursuant to the order of examination. Fla. R.Crim. P. 3.212(c)(4)(B).
[3] Section 916.13(1)(a), Florida Statutes (2006), provides as follows:

(a) The defendant has a mental illness and because of the mental illness:
1. The defendant is manifestly incapable of surviving alone or with the help of willing and responsible family or friends, including available alternative services, and, without treatment, the defendant is likely to suffer from neglect or refuse to care for herself or himself and such neglect or refusal poses a real and present threat of substantial harm to the defendant's well-being; or
2. There is a substantial likelihood that in the near future the defendant will inflict serious bodily harm on herself or himself or another person, as evidenced by recent behavior causing, attempting, or threatening such harm[.]
[4] This provision applies to involuntary commitment of defendants who have been adjudicated not guilty by reason of insanity and does not pertain to Defendant.
[5] If so, the court should attach to the order copies of the reports of the experts filed pursuant to the order of examination. Fla. R.Crim. P. 3.212(c)(4)(B).