GRIFFIN, J.
Petitioner, Steve H. Bronson [“Bronson”], a sixty-four year-old convicted felon, was arrested in 2010 for the 1979 murder of Norma Page. Prior to his arrest, Bronson was living in a nursing home. Bronson suffers from a constellation of health issues, including significant left-side paralysis and cognitive deficiencies resulting from one or more strokes in 2003. Since his arrest, Bronson was found incompetent to proceed in his criminal case by multiple mental health professionals, who opined that his condition will become progressively worse, and that there is little or no probability that his competency will be restored in the future. He was adjudged incompetent to proceed in his criminal case in June 2011.
The State thereafter moved to civilly commit Bronson to the Department of Children and Families [“DCF”] pursuant to section 394.467, Florida Statutes, and the trial court ordered his involuntary commitment to DCF’s custody. DCF sought certiorari relief in this Court, asserting that the trial court failed to follow the required statutory procedures. This Court’s recently issued opinion quashed the trial court’s order, concluding that the trial court did not follow the procedural requirements set forth in Section 394.467 to determine if Bronson met the criteria for involuntary commitment. See Dep’t of Children & Families v. Bronson, 79 So.3d 199, 202 (Fla. 5th DCA 2012).
*1090 Following the issuance of this Court’s mandate in February 2012, Bronson has remained in custody. According to the parties, the State has not re-initiated involuntary commitment. Bronson is currently detained in Osceola County’s jail and he has petitioned for a writ of habeas corpus, seeking immediate release from custody and dismissal of charges against him.
According to the medical evidence, there is little chance that Petitioner will be restored to competency due to his cognitive deficits resulting from his stroke; therefore, he must be civilly committed or released from custody. See Roddenberry v. State, 898 So.2d 1070, 1073 (Fla. 5th DCA 2005); see also Oren v. Judd, 940 So.2d 1271 (Fla. 2d DCA 2006); Mosher v. State, 876 So.2d 1230, 1230 (Fla. 1st DCA 2004) (State must institute civil commitment proceedings or release mentally ill defendant when evidence showed no substantial probability that mentally ill defendant will regain competency.)
In its response to the habeas corpus petition, the State does not contend that Bronson is being legally detained. Therefore, we are bound to grant Bronson’s petition for writ of habeas corpus, and direct the trial court to release Bronson in accordance with the law. This decision is without prejudice to the State instituting civil commitment proceedings, should it conclude it has grounds to do so.
PETITION GRANTED.
ORFINGER, C.J., and EVANDER, J., concur.