BERGER, J.
Petitioner, Alfonso Paolercio, seeks a writ of habeas corpus, ordering his immediate release from the county jail where he is being held without bond despite a finding of incompetency. The State properly concedes Petitioner is entitled to release. Accordingly, we grant the petition.
On February 26, 2012, Petitioner was arrested for possession of cocaine and two misdemeanor charges.[1] Thereafter, he was found incompetent to proceed and released on his own recognizance.[2] The trial court later determined that Petitioner was unlikely to regain competency because of a past traumatic brain injury and therefore, would not benefit from competency restorative efforts.
While on pretrial release, Petitioner was arrested on new charges.[3] As a result, on August 28, 2018, the trial court revoked its prior order releasing him on his own recognizance. Petitioner’s counsel then filed a motion to set release conditions and later orally amended the motion to request Petitioner’s immediate release on his own recognizance. The court denied Petitioner’s request, finding that section 916.17, Florida Statutes (2012), did not apply and that Petitioner could be detained pursuant to section 903.0471, Florida Statutes (2012), as there was probable cause that he committed a new offense while on pretrial release.[4] The court further indicated that Petitioner would remain in custody and be unable to file additional motions for release unless there was a change in circumstances.[5] This petition followed.
Petitioner claims he is entitled to immediate release in Osceola County Case No. 12-793 because section 903.0471 does not apply to defendants who have been released because of a finding of incompetence. We agree.
Section 903.0471 provides:
Violation of condition of pretrial release — Notwithstanding section 907.041 [the pretrial detention and release statute], a court may, on its own motion, revoke pretrial release and order pretrial detention if the court finds probable cause to believe that defendant committed a new crime while on pretrial release.
Although section 903.0471 authorizes revocation of a competent defendant’s release and the imposition of pretrial detention upon the commission of a new offense, section 916.17(2) appears to leave the judge only two options when an incompetent defendant violates the conditions of pretrial release: modify the conditions of release or involuntarily commit the defendant to the Department of Children and *1176 Families (DCF). See Douse v. State, 930 So.2d 838, 839 (Fla. 4th DCA 2006).
Here, however, the trial court determined that section 916.17 did not apply because there was no indication that Petitioner’s competency might be restored pursuant to either involuntary commitment or outpatient treatment, and because it did not find that Petitioner was incapable of surviving alone or with the help of friends, or that he was likely to inflict serious bodily harm to himself or others. § 916.17(1), Fla. Stat. (2012); § 916.13(l)(a), Fla. Stat. (2012). Therefore, the trial court detained Petitioner pursuant to section 903.0471, finding that there was probable cause that Petitioner committed a new offense while on pretrial release.
While it appears the trial court may be correct in its determination that section 916.17 does not apply to incompetent defendants who cannot be restored to competency, the problem with its rationale is that such non-restorable defendants could theoretically be detained (solely for the purpose of protecting the public from further criminal activity) for up to two years if mentally retarded or five years if mentally ill upon the commission of a new offense while on pretrial release. See § 916.145, Fla. Stat. (2012); § 916.303(1), Fla. Stat. (2012). In such cases, the defendant, by virtue of his incompetence, would not be afforded the protections of the speedy trial rule, nor would he be able to enter a plea to resolve the charges. Indeed, he would have fewer protections than a competent defendant and would remain suspended in custodial limbo until the State dismissed the charges. As the Fourth District noted in Douse:
[It] is a violation of essential fairness to detain an accused in a jail indefinitely when he is incompetent to proceed. While so detained he cannot be tried precisely because he is incompetent to proceed, yet jailhouse treatment for his incompetency is unlikely. It is illogical to hold that an incompetent defendant who commits a new offense thereby loses the protection afforded to those who are incapable of defending themselves. If that were the case, such persons could be detained indefinitely without any finding of guilt.
Id. at 840.
This case presents a troubling set of circumstances. Since Petitioner is unlikely to regain competency, the trial court cannot place Petitioner in an outpatient program for treatment to restore competency. See Oren v. Judd, 940 So.2d 1271 (Fla. 2d DCA 2006) (granting petition for writ of habeas corpus and quashing trial court’s civil commitment of incompetent defendant for treatment to restore competency, where evidence established that defendant would never regain competency). Nor can it hold Petitioner in jail indefinitely. See Douse, 930 So.2d at 839. Accordingly, the court is left with no other option but to release Petitioner back into the community, where he will likely commit more crimes, for which he will again be released due to his incompetency. Given scenarios such as this, trial courts are understandably reluctant to release incompetent, reoffending defendants back into the community. Nevertheless, until the legislature provides a fix, the only recourse is for the State to institute civil commitment proceedings pursuant to section 394.467, Florida Statutes (2012). See Bronson v. State, 89 So.3d 1089 (Fla. 5th DCA 2012).[6]
*1177 In Bronson, the defendant was charged with murder and thereafter found incompetent to proceed. He was civilly committed, but DCF successfully obtained certio-rari relief on the basis that the trial court did not follow the statutory civil commitment procedures. After being released from DCF custody, Bronson was transferred back to the county jail. When the State did not re-initiate civil commitment proceedings, a habeas petition was filed on his behalf. In granting Bronson’s petition, we noted that according to the medical evidence it was unlikely Bronson would ever regain competency. As such, we held that Bronson must be released, without prejudice to the State to institute civil commitment proceedings if it had grounds to do so. Id. at 1090. Petitioner is entitled to the same.
For the foregoing reasons, we grant the petition for writ of habeas corpus, and direct the trial court to release Petitioner in accordance with the law. This decision is without prejudice to the State instituting civil commitment proceedings, should it conclude it has grounds to do so.
PETITION GRANTED.
PALMER and LAWSON, JJ„ concur.

. Osceola County Case No. 12-793.

. Petitioner originally posted bond on the charges. However, on June 22, 2012, the court revoked pretrial release due to a positive test for cocaine.

. In Osceola County Case No. 13-3195, Petitioner was charged with burglary and other offenses.

. At the bond hearing, the court found that when Petitioner had his first appearance in Osceola County Case No. 13-3195, the court revoked his bond only as to Case No. 12-793, so his no bond status applied only to the earlier case.

.The court cautioned that if the passage of time was the only change in circumstance, another motion for release would not be entertained until six months had elapsed from the date of Petitioner’s arrest on the new offenses.

. See also Roddenberry v. State, 898 So.2d 1070, 1073 (Fla. 5th DCA 2005) (“The inability to restore the defendant [to competency] requires dismissal of the charges against him *1177 or civil commitment.’'); Judd, 940 So.2d at 1274 (where evidence established that defendant would never regain competency; the State must either initiate civil commitment proceedings or defendant must be released); Mosher v. State, 876 So.2d 1230 (Fla. 1st DCA 2004) (where it was determined that there was no substantial probability that Mosher would regain competency, the State must either institute civil commitment proceedings under Baker Act or Mosher must be released from involuntary commitment to restore competency).