IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT


TYSHEONA SMITH,

       Petitioner,

 v.                                    Case No. 5D18-1468
                                          CORRECTED

STATE OF FLORIDA AND CORNITA
A. RILEY, AS CHIEF OF ORANGE
COUNTY CORRECTIONS

       Respondents.

_____/

Opinion filed May 11, 2018

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

Robert Wesley, Public Defender, and
Samantha E. Habermehl, Assistant
Public Defender, Orlando, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Allison Leigh Morris,
Assistant Attorney General, Daytona
Beach, for Respondent, State of Florida.

No Appearance for other Respondent.


PER CURIAM.

      Tysheona Smith, an incompetent defendant, petitions for a writ of habeas corpus

seeking immediate release from the Orange County jail. Because the trial court had no

basis to order Petitioner detained until it could make a determination as to whether Smith

qualified for involuntary commitment, we grant the petition.

In October 2017, Smith was charged with possession of cocaine and possession of drug paraphernalia. She was evaluated for competency by three experts between October 2017 and January 2018. Each concluded that she was incompetent. Thereafter, on February 16, 2018, Smith was adjudicated incompetent to proceed and placed on conditional release.

On April 24, 2018, Petitioner was arrested again and charged with possession of cocaine and possession of drug paraphernalia. On May 7, 2018, the trial court adjudicated Smith incompetent to proceed based on the prior adjudication and denied conditional release. The court then ordered two of the experts that had already examined Smith to reexamine her for the purpose of determining whether she meets the criteria for involuntary hospitalization.

"[W]here. . . a defendant has been found incompetent to proceed and is then released upon conditions and commits a new offense, section 916.17(2)[,Florida Statutes,] leaves the trial judge with only two options: modify the conditions of release or involuntarily commit the defendant to DCFS for treatment." Douse v. State, 930 So. 2d 838, 839 (Fla. 4th DCA 2006); accord Paolercio v. State, 129 So. 3d 1174, 1175-76 (Fla. 5th DCA 2014) (citing Douse, 930 So. 2d at 839). Here, because there was insufficient evidence at the time Smith was detained for the trial court to find that she qualified for involuntary commitment, the only other option was to release her with the appropriate conditions. See § 916.13(1), Fla. Stat. (2017).

Therefore, we grant the petition and direct the trial court to hold an immediate hearing to determine whether Smith's release conditions should be modified or remain the same. If the experts have already completed the reexaminations and rendered reports, the trial court should hold an immediate hearing to make the appropriate determination under section 916.17(2).

PETITION GRANTED.

SAWAYA, BERGER and EDWARDS, JJ., concur.

2