# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1927
_____

COLUMBUS WILLIAMS,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition for Writ of Certiorari—Original Jurisdiction.

October 2, 2018

PER CURIAM.

Following his arrest, Columbus Williams filed a motion for discharge and termination of jurisdiction for incompetency and non-restorability, asserting that the intellectual disability underlying his incompetency was static and that he could not be held on charges without any likelihood of becoming competent to stand trial. After a hearing, the trial court denied the motion, finding a substantial probability that Williams would regain competency in the reasonably foreseeable future. Williams sought this Court's review by filing a petition for writ of certiorari, which we now grant because the trial court's findings are not supported by competent, substantial evidence.

I.

Williams was first charged in 2002, was soon found incompetent due to an intellectual disability, and was admitted to

a forensic facility that provides competency training. In 2007, the trial court dismissed the charge, finding that Williams was still incompetent after almost five years of training and that there was "no reason to believe" he would become competent to stand trial in the reasonably foreseeable future. Williams was involuntarily committed. Orders continuing Williams' civil commitment were entered in 2009, 2012, 2013, 2014, and 2015, all citing the seriousness of his intellectual disability.

Williams was charged with another crime in 2016. Dr. Salvatore Blandino was then ordered to examine Williams' competency, and did so after reviewing limited and miscellaneous records. Dr. Blandino noted Williams' mental health diagnoses, including illnesses and intellectual developmental disorder, observed that he was "obviously cognitively impaired" during the examination, and found him incompetent. However, Dr. Blandino also stressed that Williams was overmedicated by an excessive regimen of psychotropic medications, which likely contributed to his poor performance during the examination. Dr. Blandino's report concluded that contingent upon the stabilization of Williams' medications and competency training, his prognosis was "guarded to fair" and a determination as to his likelihood of attaining competency would be possible in six to twelve months.

By the time the competency hearing commenced, Dr. Blandino had reviewed additional records regarding Williams' developmental services and competency, including those deeming him non-restorable due to an intellectual disability years prior. Testifying for the State, Dr. Blandino explained that intellectual developmental disorder is a static condition that could not improve, and the fact that Williams was declared non-restorable based on this disorder, rather than any mental illnesses, meant that he would never attain competency. He further noted that his prior "guarded to fair" prognosis was based on the chance that Williams' incompetency was partially due to overmedication, but based on the information later learned, he understands no chance of attaining competency now exists regardless of which medications Williams takes. The only other evidence presented by the State was the testimony of Dr. Amanda Graham, who agreed that Williams had an intellectual disability, and who had seen no indication that he had attained competency since 2002.

2

The trial court held that Williams was incompetent, but denied his motion to discharge, declined to dismiss the charges, and ordered him to commence competency training. The trial court did not find "any evidence" that Williams' competency would not be restored because "people's conditions change," referenced Dr. Blandino's prior "guarded to fair" prognosis, and concluded that clear and convincing evidence showed that Williams had a substantial likelihood of regaining competency in the reasonably foreseeable future.

## II.

An incompetent person charged with a crime may only be held for the "time necessary to determine whether there is a substantial probability" that he or she may attain competency to proceed to trial. *Jackson v. Indiana,* 406 U.S. 715, 738 (1972). Appellate courts may review the trial court's application of these due process rights by common law certiorari and for competent, substantial evidence. *See Vasquez v. State,* 496 So. 2d 818, 820 (Fla. 1986).

A defendant found incompetent due to an intellectual disability or autism may only be involuntarily committed for competency training if, *inter alia,* there exists "a substantial probability that the intellectual disability or autism causing the defendant's incompetence will respond to training and the defendant will regain competency to proceed in the reasonably foreseeable future." § 916.302(1)(d), Fla. Stat. The trial court made the findings necessary to satisfy the statutory requirements, but competent, substantial evidence does not support them.

The only evidence the trial court cited in announcing its ruling was Dr. Blandino's report. It was error to interpret this report as supporting the conclusion that there exists a substantial likelihood of Williams attaining competency. Dr. Blandino's report found that Williams was mentally disabled, his disability was enhanced by the medications he was taking, and that a determination as to his likelihood of attaining competency could only be made when his medications were stabilized; Dr.

3

Blandino concluded that he could not make a determination for six to twelve months. Upon receiving additional information of Williams' medical and legal history, Dr. Blandino was able to then determine that Williams would never attain competency to stand trial. In light of this testimony, the non-determination made in Dr. Blandino's prior report does not constitute competent, substantial evidence to support the trial court's finding of a substantial probability that Williams' intellectual disability would soon improve and enable him to attain competency.* Because Williams does not meet the criteria to be involuntarily committed pursuant to section 916.302, "the State must either institute civil commitment proceedings or release" him. *Mosher v. State*, 876 So. 2d 1230, 1232 (Fla. 1st DCA 2004) (footnote omitted).

Lastly, we reject the State's argument that Williams is not entitled to dismissal of his charges because the two-year limit under section 916.303(1), Florida Statutes, has yet to expire. Section 916.303(1) mandates dismissal "within a reasonable time" after a determination of incompetency, "not to exceed 2 years," unless the trial court specifies reasons indicating that the defendant will soon become competent. The reasonableness of time is in consideration of the prospects of restoring the defendant's competency. "Thus, a reasonable time has passed, and the defendant's substantive right to dismissal of the criminal charge arises, when it becomes evident that the defendant cannot be restored to competency." *Gonzalez v. State*, 15 So. 3d 37, 40 (Fla. 2d DCA 2009); *see also Roddenberry v. State*, 898 So. 2d 1070, 1073 (Fla. 5th DCA 2005); *cf.* § 916.145, Fla. Stat.

---

* We note that Dr. Blandino's report was based on a limited review of Williams' medical history, while he testified at the hearing after he had a more complete understanding of Williams' history. It is unnecessary to determine whether such a report could constitute sufficient evidence to support a holding in some situations—*see M.A.B. v. Dep't of Health & Rehab. Servs.*, 630 So. 2d 1252, 1255 (Fla. 1st DCA 1994) ("An expert's opinion which is based upon incomplete or inaccurate facts cannot be competent substantial evidence.")—because here, the report's conclusion does not support the trial court's finding.

(requiring dismissal for those incompetent due to mental illnesses "if the defendant remains incompetent for 5 continuous, uninterrupted years").

## III.

Williams was declared incompetent in 2002 based on his intellectual developmental disorder and, in 2007, his continued incompetency resulted in the dismissal of his charges and civil commitment. Following his 2016 arrest, Williams was again found incompetent, with no indication that he had attained competency since 2002. At a hearing, the State's evidence demonstrated that Williams' disorder would never improve and he would never attain competency. It was error to find a substantial probability that Williams would attain competency in the reasonably foreseeable future based on a report making no such determination, particularly in the face of direct evidence to the contrary. Williams must be civilly committed or released, and his charges dismissed.

Therefore, we GRANT Williams' petition for writ of certiorari and QUASH the trial court's order.

RAY, BILBREY, and WINOKUR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Andy Thomas, Public Defender, and Marcia Perlin, Assistant Public Defender, Tallahassee, for Petitioner.

Pamela Jo Bondi, Attorney General, and Holly Simcox, Assistant Attorney General, Tallahassee, for Respondent.