PER CURIAM.
Titus O. Dodd petitions this Court for a writ of habeas corpus seeking immediate release from the Orange County jail where he is presently incarcerated.
By way of background, Petitioner was previously arrested and found incompetent to proceed in cases 2017-CF-4793 and 2017-CF-7495. The trial court ordered the Agency for Persons with Disabilities to evaluate Petitioner to determine whether he could be restored to competency under conditional release. On June 29, 2018, the trial court rendered an amended order releasing Petitioner from custody based on its prior order adjudicating Petitioner incompetent to proceed because of intellectual disability or autism. The court found that Petitioner did not meet the criteria for commitment to a treatment facility but was in need of outpatient treatment. The court ordered Petitioner conditionally released.
On November 14, 2018, Petitioner was arrested on new charges for fleeing and attempting to elude, under case number 2018-CF-16199. At first appearance, the trial court set bond at $5000, and revoked his conditional release in case numbers 2017-CF-7495 and 2017-CF-4793.
This matter is controlled by Smith v. State , 247 So.3d 77 (Fla. 5th DCA 2018), where we stated:
[W]here ... a defendant has been found incompetent to proceed and is then released upon conditions and commits a new offense, section 916.17(2)[, Florida Statutes (2018),] leaves the trial judge with only two options: modify the conditions of release or involuntarily commit the defendant to DCFS for treatment.
Id. at 78 (quoting Douse v. State , 930 So.2d 838, 839 (Fla. 4th DCA 2006) ); accord Paolercio v. State , 129 So.3d 1174, 1175-76 (Fla. 5th DCA 2014) (citing Douse , 930 So.2d at 839 ).
Here, there is no evidence in the record as to whether Petitioner now meets the criteria for involuntary commitment. Therefore, the first appearance court's only option was to release Petitioner with the appropriate conditions. Nothing prevents the trial court from ordering a new evaluation to determine whether Petitioner now meets the criteria for involuntary commitment; however, Petitioner may not be held in jail solely to complete that determination.
For the reasons set forth above, we grant the petition and order the trial court to hold a hearing immediately to determine appropriate conditions of release and to consider ordering a new evaluation to determine whether Petitioner is now competent to proceed or whether he now meets the criteria for involuntary commitment.
PETITION GRANTED; IMMEDIATE HEARING ORDERED.
BERGER, EDWARDS and HARRIS, JJ., concur.