DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALI MARINO,**
Petitioner,

v.

**STATE OF FLORIDA,** and **GREGORY TONY,**
as Sheriff of Broward County, Florida,
Respondents.

No. 4D19-1283

[July 17, 2019]

Petition for writ of habeas corpus to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ari Abraham Porth, Judge; L.T. Case No. 17-13757-CF10A.

Howard Finkelstein, Public Defender, and Sarah Sandler, Assistant Public Defender, Fort Lauderdale, for petitioner.

Ashley Moody, Attorney General, Tallahassee, and Lindsay A. Warner, Assistant Attorney General, West Palm Beach, for respondents.

PER CURIAM.

The trial court ordered an incompetent criminal defendant detained in jail without ordering competency restoration treatment and without making any findings that would permit pretrial detention. We previously granted Defendant's habeas corpus petition by order, and this opinion follows to further explain our reasoning and to clarify when and how a court may order competency restoration treatment in jail.

### *Background*

Defendant is homeless and suffers from mental illness. In December 2017, he was arrested and charged with aggravated assault with a deadly weapon following an incident at an alcohol rehabilitation meeting. In July 2018, the court found Defendant incompetent to proceed. The order provided that "[t]he issue of placement will be addressed in a subsequent order (if needed)." The case was then transferred to the mental health division where six competency placement hearings were held between August and November 2018. No placement was found for Defendant.

In December 2018, the court released Defendant to standard pretrial release supervision. After Defendant failed to report, the court issued a no bond warrant and later issued a no bond capias after Defendant failed to appear for a placement hearing. Defendant was eventually arrested in February 2019.

In April 2019, defense counsel moved to have Defendant released on his own recognizance or, alternatively, on supervised release. During the hearing on the motion, the prosecutor agreed to Defendant's conditional release. At the time of the hearing, the record reflects that Defendant had been referred to a treatment program, but he refused to cooperate or sign the required paperwork. Although the court expressed a desire to release the homeless Defendant, it refused to release him to the street corner listed as his address. The court accordingly denied the motion and ordered Defendant to remain in custody with no bond. The court made no findings of fact or conclusions of law showing that the constitutional and statutory criteria for pretrial detention were met in this case. Nor did the court order that Defendant receive competency restoration treatment while incarcerated.

### *Analysis*

Florida Rule of Criminal Procedure 3.212 provides that if the trial court finds that an incarcerated defendant is incompetent to proceed, the court may order (1) treatment in the community as a condition of release; or (2) "treatment to be administered at the custodial facility or may order the defendant transferred to another facility for treatment or may commit the defendant." Fla. R. Crim. P. 3.212(c)(1)–(2); *see also Miller v. State*, 960 So. 2d 7, 9 (Fla. 4th DCA 2007).

When a court orders treatment in a custodial facility, it must ensure "that treatment appropriate for the defendant's condition is available" at the facility. Fla. R. Crim. P. 3.212(c)(1). The court must also put in place procedures for periodic review like those required when a defendant is involuntarily committed. *See* Fla. R. Crim. P. 3.212(c)(5); §§ 916.13(2), .302(2)(a), Fla. Stat. (2018). This will ensure that the court remains apprised of the defendant's condition and that the defendant is promptly afforded an opportunity to proceed to trial once competency is regained. Such periodic review will allow courts to reconsider treatment options and order commitment or conditional release if subsequently found appropriate. Every effort should be made to avoid an incompetent defendant languishing in jail without adequate treatment and without an adequate mechanism to monitor the defendant's condition.[1]

---

[1] The competency statutes and rules are designed to assist courts in this regard. Mental health experts are required to report on any recommended treatment and the availability of treatment in different settings. *See* § 916.12(4), Fla. Stat. (2018); Fla. R. Crim. P. 3.211(b)(3).

Treatment in a custodial facility, however, may be ordered only where the constitutional and statutory criteria for pretrial detention are met. *See* Fla. Const., art. I, § 14 ("If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained."); § 907.041(4)(c), Fla. Stat. (2018) (setting out the circumstances when a court may order pretrial detention). This is because an incompetent criminal defendant is presumed innocent and cannot be denied pretrial release based solely on his or her incompetence to proceed. *See State v. Blair*, 39 So. 3d 1190, 1192 (Fla. 2010); *State v. Miranda*, 137 So. 3d 1133, 1136–39 (Fla. 3d DCA 2014). To order treatment in a custodial facility, the court must make the findings required for pretrial detention under the Florida Constitution and the Florida Statutes. *Blair*, 39 So. 3d at 1194–95.

Moreover, treatment in a custodial facility should only be ordered as a last resort. For example, both section 916.13 and Rule 3.212 provides that a trial court may involuntarily commit a defendant for treatment only if all available, less restrictive treatment alternatives have been determined to be inappropriate. § 916.13(1)(b), Fla. Stat. (2018); Fla. R. Crim. P. 3.212(c)(3)(D). It therefore stands to reason that a court may not resort to the more restrictive alternative of treatment in a custodial facility where less restrictive options are available and appropriate.[2]

In the present case, the trial court failed to make the required findings of fact to permit pretrial detention. Moreover, the court erroneously ordered pretrial detention without ordering that Defendant receive competency restoration treatment while incarcerated or confirming that appropriate treatment was available at the facility. Accordingly, we granted the petition and directed the trial court to conduct further proceedings.

Defendant nonetheless argues that, pursuant to *Douse v. State*, 930 So. 2d 838 (Fla. 4th DCA 2006), the trial court had only two options when the incompetent Defendant violated release conditions: modify release conditions or involuntarily commit Defendant. Because Defendant allegedly does not qualify

---

[2] We recognize that involuntarily commitment in a secure forensic facility might equally restrict a defendant's liberty as he or she is not free to leave the facility and that, as a practical matter, the conditions of commitment may be just as unpleasant as a jail. Defendants committed for restoration of competency, however, have statutory rights. § 916.107, Fla. Stat. (2018). Moreover, if a trial court were permitted to order treatment in a custodial facility when less restrictive options are available and appropriate, it would undermine the legislative intent. § 916.105(3), Fla. Stat. (2018) ("It is the intent of the Legislature that evaluation and services to defendants who have mental illness, intellectual disability, or autism be provided in community settings, in community residential facilities, or in civil facilities, whenever this is a feasible alternative to treatment or training in a state forensic facility.").

for involuntary commitment, Defendant argues that he must be released. We disagree as *Douse* does not apply under the facts of this case.

*Douse* involved a defendant who was conditionally released pursuant to section 916.17, Florida Statutes. That statute governs conditional release of incompetent defendants "in lieu of an involuntary commitment to a facility." § 916.17(1), Fla. Stat. When a court opts to conditionally release a defendant in lieu of commitment, the statute allows the court to modify release conditions or order commitment upon a violation of release conditions. § 916.17(2), Fla. Stat. Importantly, the defendant in *Douse* appears to have qualified for commitment. Specifically, one of the examining doctors opined that the defendant was a candidate for involuntary hospitalization, and the doctors had opined that the defendant needed treatment that could be provided only through commitment. *Douse*, 930 So. 2d at 839–40. *Douse* is thus distinguishable as treatment in jail was not an option because the less restrictive alternative of involuntary commitment for restoration of competency was available.

We recognize that, where pretrial detention is authorized, a defendant can be temporarily held in custody pending evaluations or competency placement hearings. In this case, however, everyone involved agreed that Defendant's protracted detention was inappropriate.

### Conclusion

Where the requirements for pretrial detention are met, Florida Rule of Criminal Procedure 3.212(c)(2) allows a court to order that an incompetent criminal defendant receive restoration treatment at a custodial facility. The court, however, must confirm that appropriate treatment is available at the facility and must put in place procedures to periodically review the defendant's condition. Lastly, treatment in a custodial facility may be ordered only where all less restrictive alternatives are unavailable or inappropriate.

*Petition granted.*

DAMOORGIAN, GERBER and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**