# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-2979
_____

STATE OF FLORIDA,

   Appellant,

   v.

JACOB MICHAEL RUSH,

   Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
John T. Brown, Judge.

December 10, 2025

ROBERTS, J.

The State appeals from an order finding Jacob Michael Rush incompetent to proceed and dismissing his pending criminal charges. We affirm the portion of the order finding Mr. Rush incompetent. We reverse the portion of the order granting the motion to dismiss for the reasons below.

*Facts*

In 2021, Mr. Rush was charged with multiple counts of possessing child pornography and one count of unlawful use of a two-way communication device to facilitate the commission of a felony. In 2022, defense counsel notified the court that in separate guardianship proceedings, Mr. Rush was adjudicated "totally

incapacitated" due to developmental disability and his father was appointed plenary guardian. *See* §§ 744.331 & 744.3215, Fla. Stat. (2023). Defense counsel moved to dismiss the criminal charges under Florida Rule of Criminal Procedure 3.190(c)(4), arguing Mr. Rush was incompetent to proceed as shown by the guardianship.

The trial court held a competency hearing wherein it heard from three experts. Dr. Stephen Zieman evaluated Mr. Rush in February 2023 and found him incompetent to proceed due to a history of neurodevelopmental delay, autism with intellectual disability, and language disability. He opined Mr. Rush's competency was most likely unrestorable. Dr. Julie Harper evaluated Mr. Rush in June 2022. She diagnosed him with unspecified neurodevelopmental disorder, ADHD, and anxiety. She found him incompetent to proceed. While her initial report opined Mr. Rush's competence could possibly be restored, she changed her opinion and testified competency could not be restored. Dr. Randi McDonald evaluated Mr. Rush in September 2022; she found him competent to proceed.

In November 2023, the trial court entered an order finding Mr. Rush incompetent due to developmental disability and unrestorable. In the same order, the court granted the motion to dismiss. On appeal, the State takes issue with both aspects of the trial court's order, the determination of incompetency and the dismissal of the criminal charges.

*Mr. Rush's Competency*

A trial court must make its own independent determination of competency, which will be upheld on appeal absent an abuse of discretion. *Andres v. State*, 404 So. 3d 448, 452 (Fla. 3d DCA 2023) (citing *Evans v. State*, 800 So. 2d 182, 188 (Fla. 2001)). We see no abuse of discretion in the trial court's determination, which is supported by competent, substantial evidence. The court took judicial notice of the guardianship proceedings but expressly noted the difference between incapacity in guardianship and criminal incompetence. The court considered the filings and the testimony from three experts, two of which opined Mr. Rush was incompetent to proceed due to disability. We affirm the portion of the order adjudicating Mr. Rush criminally incompetent due to disability.

2

*Motion to Dismiss*

In the same order, the court found Mr. Rush unrestorable and granted his motion to dismiss. We review the portion of the order dismissing Mr. Rush's criminal charges *de novo*. *See State v. Tillman*, 345 So. 3d 311, 312 (Fla. 4th DCA 2022).

As the trial court recognized, there is a difference between civil incapacity in guardianship and criminal incompetence. *Compare* § 744.331, Fla. Stat. (2023) *with* § 916.3012, Fla. Stat. (2023). The motion to dismiss was improperly filed under rule 3.190(c)(4) based on incapacity in guardianship. Mr. Rush was not found criminally incompetent until the November 2023 order. Dismissal of criminal charges for criminal incompetence is governed by section 916.303, Florida Statutes (2023), and Florida Rules of Criminal Procedure 3.212 and 3.213.

Section 916.303(1), Florida Statutes, provides, in part:

> The charges against any defendant found to be incompetent to proceed due to intellectual disability or autism shall be dismissed without prejudice to the state if the defendant remains incompetent to proceed within a reasonable time after such determination, not to exceed 2 years[.]

*See also Hines v. State*, 931 So. 2d 148, 150 (Fla. 1st DCA 2006) (recognizing section 916.303 creates a substantive right to dismissal of charges if a defendant has remained incompetent by virtue of intellectual disability for a period of two years). Florida Rule of Criminal Procedure 3.213 provides:

> (a) Dismissal without Prejudice during Continuing Incompetency.

> After a determination that a person is incompetent to stand trial or proceed with a probation or community control violation hearing, the charge(s):

> . . . .

3

(2) shall be dismissed no later than 2 years after a finding if incompetency is due to intellectual disability or autism;

. . . .

provided that the court finds the defendant remains incompetent to stand trial[.]

The statute and rule require some amount of time to pass between when a defendant is declared incompetent and when charges are dismissed. *See State v. Smith*, 982 So. 2d 756, 758 (Fla. 4th DCA 2008) (recognizing intellectual disability and autism are typically lifelong conditions less amenable to treatment than mental illness, which explains the shorter time period that "must elapse" before charges are dismissed for these defendants); *Williams v. State*, 256 So. 3d 954, 957 (Fla. 1st DCA 2018) (recognizing two years is the outer limit of time for dismissing charges and the reasonableness of time is in consideration of the prospects of restoring the defendant's competency); *Tillman*, 345 So. 3d at 313 (reversing orders of dismissal where defendant's failure to appear at status conferences "thwarted not only the state's ability . . . to rebut the presumption that she remained incompetent, but also the trial court's ability to make the required finding that she remained incompetent to proceed before dismissal of the charges was authorized by the express text of [rule 3.213(a)]"). A dismissal under rule 3.213(a) is without prejudice to the State's ability to refile the charges should the defendant be declared competent to proceed in the future. *Tillman*, 345 So. 3d at 313. The trial court erred in simultaneously declaring Mr. Rush incompetent and granting the improperly filed motion to dismiss.

## *Conclusion*

Mr. Rush was properly adjudicated incompetent in November 2023, and he is presumed to remain incompetent until adjudicated otherwise. *See State v. Morris*, 297 So. 3d 594, 596 (Fla. 4th DCA 2020) (citing *Dougherty v. State*, 149 So. 3d 672, 676 (Fla. 2014)). Given Mr. Rush's diagnoses, his competency may indeed be unrestorable. Still, it was error to grant the rule 3.190(c)(4) motion to dismiss in the same order adjudicating Mr. Rush criminally

4

incompetent for the first time. We reverse the portion of the order granting the motion to dismiss and remand for further proceedings consistent with this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.

LEWIS, J., concurs; TANENBAUM, J., concurs with opinion.

––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––

TANENBAUM, J., concurring.

This appeal involves an order that both determines Jacob Rush is incompetent to proceed in his criminal case *and* dismisses those charges without prejudice. It makes no final and conclusive adjudication altering Rush's legal status vis-à-vis the State, so it is a non-final order. It nevertheless is appealable as such. *See* Fla. R. App. P. 9.130(a)(2) (authorizing non-final order appeals as "prescribed by rule 9.140"); Fla. R. App. P. 9.140(c)(1)(A), (H), (authorizing a State appeal from an order "dismissing an [] information" and an order "finding a defendant incompetent").

The supreme court's decision to authorize a category of non-final order appeal is a matter of judicial policy. *See Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc.*, 104 So. 3d 344, 348 (Fla. 2012) (noting how the court "carefully" delineated the "categories of non-final orders" based on its "mak[ing] policy determinations" and "then weigh[ing] the importance of having interlocutory review in light of potential drawbacks"); *cf.* Art. V, § 4(b)(1), Fla. Const. (authorizing a district court to "review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court"). As a judicial policy matter, then, the supreme court already has decided that a procedural error producing the enumerated final order is sufficiently harmful to warrant corrective measures by the district court. There is no harmless error analysis, there being none required by statute. *Cf.* § 59.041,

5

Fla. Stat. (speaking only in terms of reversing a judgment or granting a new trial); § 924.051(1)(a), Fla. Stat. (defining "prejudicial error," which would warrant reversal in a criminal case, only with reference to an error affecting the "judgment or sentence").

The State argues that the trial court committed procedural error when it granted Rush's motion to dismiss the information under Florida Rule of Criminal Procedure 3.190(c)(4) after determining that Rush was incompetent to proceed. I agree. The motion did not assert that there were undisputed facts material to the charges against him showing a lack of guilt. Rather, the motion spelled out details suggesting Rush was incompetent to proceed. Though done through a motion to dismiss under rule 3.190(c)(4)— and not the rules governing competency—Rush's counsel sufficiently raised the question whether Rush had an intellectual disability or autism that rendered him incompetent to proceed. The trial court appointed experts and held a hearing as section 916.3012, Florida Statutes; and Florida Rules of Criminal Procedure 3.210 and 3.212 require.

Once the trial court found that Rush was incompetent, however, rule 3.190 was not the proper vehicle for considering dismissal. A motion filed under the rule's subdivision (c)(4) asserts that "the undisputed [material] facts do not establish a prima facie case of guilt against the defendant." The subdivision's procedure helps "avoid a trial when there are no material facts genuinely in issue." *State v. Kalogeropolous*, 758 So. 2d 110, 111 (Fla. 2000). But Rush's competency has nothing to do with his guilt, so a dismissal under that rule was improper. Notably, Rush's post-hearing memorandum supporting a finding of incompetency did not mention dismissal.

The only other matter for the trial court's immediate consideration concerning Rush's incompetency was whether to order treatment while he remained on pre-trial release or to civilly commit him. *See* Fla. R. Crim. P. 3.212(c); Fla. R. Crim. P. 3.213(b); *cf.* Fla. R. Crim. P. 3.212(d) (requiring either that the defendant "be released" (rather than the charges be dismissed) or that the State "initiate civil commitment proceedings" if the defendant "is found to be mentally incompetent to proceed and there is no

substantial probability that the defendant will gain competency to proceed in the foreseeable future").

As the primary opinion explains, the court's determining whether to dismiss had to wait for another day—through a subsequent, properly framed motion that put the court and the State on notice that Rush's restorability was at issue. *Cf.* § 916.303(1), Fla. Stat. (requiring dismissal only if "the defendant *remains* incompetent" for a "reasonable time *after*" the trial court makes "such determination" (emphases supplied)); Fla. R. Crim. P. 3.213(a) (providing for dismissal only if the trial court determines that the defendant "remains" incompetent to proceed).

The cure for the trial court's procedural irregularity here is to affirm the order's determination that Rush is incompetent to proceed but vacate the part that grants his motion to dismiss, filed under Florida Rule of Criminal Procedure 3.190(c)(4).

―――――――――――――――――

James Uthmeier, Attorney General, and Daren Shippy, Assistant Attorney General, Tallahassee; Sarah Jane Barickman, Assistant State Attorney, Children's Advocate Center, Niceville, for Appellant.

Glenn Matthew Swiatek, Criminal Defense Attorney, P.A., Crestview, for Appellee.